**HARRIS COUNTY, TEXAS, et al., Appellants,**

v.

**John R. JENKINS, Appellee.**

**No. A14–83–451CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 2, 1984.

Mike Driscoll, County Atty., Frank E. Sanders, Asst. County Atty., Ann Hardy, Houston, for appellants.

Bruce L. Jamison, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

CANNON, Justice.

This is an appeal from a judgment that Appellants, Harris County, Texas and Sheriff Jack Heard, are jointly and severally liable to Appellee, John R. Jenkins, in the amount of $40,000 for personal injuries suffered by Jenkins. We affirm.

Appellee sought to recover for injuries incurred while he was incarcerated in the Harris County Jail and the Texas Department of Corrections. Appellee was convicted of theft on July 12, 1972 and sentenced to four years in prison. The sentence was probated. On February 21, 1974, Appellee was found guilty of burglary with intent to commit theft. Appellee's probation from the 1972 conviction was revoked and he was sentenced to confinement in the Texas Department of Corrections (TDC). Appellee was incarcerated in the Harris County Jail prior to being transferred to TDC on March 1, 1974. After his transfer to the custody of TDC, Appellee began suffering epileptic seizures and had to be hospitalized.

Appellee filed suit to recover damages for his personal injuries. Appellee's petition alleged that the negligence of the defendants was the proximate cause of his injuries. The original defendants in the suit included the Appellants, the State of Texas, TDC, and J.W. Estelle. The State, TDC, and Estelle settled with Appellee and were dismissed prior to trial.

The cause was called for trial on March 14, 1983. The jury found that both Appellants, Sheriff Heard and Harris County, were negligent in failing to give Appellee his proper medication and negligent in failing to forward Appellee's medical records to the TDC. The jury also found that Appellee was injured as a result of each theory of negligence and the negligence proximately caused the injury. The jury found that Heard was 70% negligent and Harris County 30% negligent. The jury fixed damages at $60,000.00. That amount was reduced by the amount paid to Appellee in connection with the settlement by the State of Texas, TDC, and J.W. Estelle.

Appellant Harris County raises seven points of error. Appellant Heard raises nine points. Several of these points are similar and will be considered together.

The first two points of error raised by each Appellant deal with the trial court's refusal to allow Appellants to introduce additional evidence concerning Appellee's prior criminal record. Appellants believe the evidence concerning Appellee's prior convictions was admissible to impeach Appellee, especially after counsel for the Appellee "opened the door" by raising the matter during voir dire. We disagree.

As a general rule, convictions for crimes involving moral turpitude are admissible in civil cases for the purpose of impeaching a witness. *Compton v. Jay,* 389 S.W.2d 639 (Tex.1965). The trial judge has discretion to decide whether to admit a witness's prior convictions for impeachment purposes. *Landry v. Travelers Insurance Company,* 458 S.W.2d 649 (Tex. 1970); *Ervin v. Gulf States, Inc.,* 594 S.W.2d 134 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In exercising that discretion, the trial judge may properly look to the amount of time between the date of conviction or release from confinement and the time at which the criminal record is offered to impeach a witness.

However, in order for prior convictions to be admissible, they must not·be too remote in time from the date of the trial in which they are offered. As a general rule, convictions more than 10 years old have been held to be too remote while convictions less than 10 years old have been admissible. The 10 year figure has been a rule of thumb and not a precise standard. If the trial judge refuses to admit such evidence, that decision will be upheld on appeal unless the complaining party is able to show that the trial judge has clearly abused his discretion. R. Ray, Texas Law of Evidence § 660 (Texas Practice 3rd ed. 1980). Appellants have failed to show such an abuse.

◼ Appellee's first conviction was in July of 1972. The second conviction was in February 1974. Appellee was paroled on August 30, 1974. The trial in this civil action began on March 14, 1983. Almost nine years had passed between Appellee's release from prison and the date of the trial in which the prior convictions were to be introduced. We believe nine years is a sufficiently remote period of time for a trial judge to determine that a witness's prior convictions should not be admitted into evidence.

Appellants also argue that once Appellee's counsel "opened the door" by raising the prior convictions during voir dire, they were free to introduce evidence on the exact nature of Appellee's convictions. If Appellee's counsel had attempted to hide his client's prior convictions, then Appellants' argument would be more persuasive. While there could have been a fuller disclosure, Appellee's attorney admitted that his client had been convicted. The jury was fully aware that the Appellee had a criminal record. The trial court did not abuse its discretion by refusing to admit more evidence on the Appellee's prior convictions. Appellants' points of error one and two are overruled.

◼ In point of error number three, Harris County argues the trial court erred in denying the County's special exception because the County had no duty to forward Appellee's medical records to the Department of Corrections. The jury found both Sheriff Heard and Harris County negligent in two respects: 1) failing to provide Appellee with his medication and 2) failing to forward his medical records. Harris County does not attack the finding of negligence in failing to provide the medication. Even if there was no duty to forward the records, an issue we do not decide, Harris County was still negligent in not giving Appellee his medicine. The error, if any, in failing to grant the special exception is harmless. TEX.R.CIV.P. 434. Harris County's third point of error is overruled.

◼ In point of error four, Harris County argues the trial court erred in allowing Appellee to show a videotape to the jury. The videotape was used by Appellee's doctor, Dr. Ratinov,. to explain Appellee's epileptic condition. In an interrogatory directed to Appellee, Harris County asked if the Appellee had or knew of any videotapes related to this lawsuit. Appellee's response was that he was unaware of any videotapes. Appellee did not supplement his response to that interrogatory. Seven days before trial, Appellee's attorney notified the Appellants that Dr. Ratinov was going to use a videotape in connection with his testimony. Harris County filed a Motion in Limine to keep the videotape out of evidence because Appellee had not complied with the notice requirements of TEX. R.CIV.P. 168. Harris County argues that it was an abuse of discretion to allow the videotape into evidence. Harris County believes that Appellee had a duty to supplement his response to the interrogatories not less than fourteen days prior to the beginning of trial, and because of the failure to so supplement, the videotape should not have been ·admitted. We disagree.

Harris County was given notice of the videotape seven days prior to the time it was used in trial. Rule 168 allows a party to supplement their response to an interrogatory less than fourteen days prior to the trial if the trial judge believes good cause exists. TEX.R.CIV.P. 168(7). Because Harris County had at least seven days notice of the intention to use the

videotape, we are unable to say the trial court abused its discretion by allowing the videotape into evidence. Harris County's fourth point of error is overruled.

The trial court admitted into evidence, as Plaintiff's Exhibit Number 26, a certified copy from the District Clerk's office of a document containing statements made in connection with Appellee's 1974 conviction. The exhibit includes the style and cause number of the criminal case, appearances by the State of Texas and Jenkins, and statements made by Jenkins' attorney and the judge. In the document, Appellee's attorney states that Jenkins has not received his medication regularly and requests that when Jenkins is transfered to TDC "that he be given proper medication." The trial judge responded by telling the court reporter to "write that part up ... and send one copy along with the official papers." The document ends with a statement that the excerpted dialogue is a correct copy of testimony given on February 21, 1974. The document is certified to by "Ann Smith, official court reporter, Harris County." The document contains no indication of when it was typed by the court reporter. The district clerk's certificate states that the document is a certified copy of papers in the clerk's custody and possession on "3–9–83." The document contains no indication of when it was filed with the district clerk's office. Appellee's attorney introduced Plaintiff's Exhibit Number 26 to show that the trial court had ordered that Appellee's medical records be forwarded with Appellee to TDC. The trial court admitted Plaintiff's Exhibit Number 26 into evidence over the objections of both Appellants.

Harris County, in points of error five and six, and Sheriff Heard, in points of error three, four, five and six, allege that the trial court erred in admitting Plaintiff's Exhibit Number 26 into evidence.

Harris County, in point of error six, and Sheriff Heard, in point of error three, argue the trial court erred in admitting Plaintiff's Exhibit Number 26 because it contained inadmissible hearsay. The exhibit contains a statement by Jenkins' criminal defense attorney that Jenkins had not received his medication regularly while in Harris County Jail. That statement was hearsay, an out of court statement offered to prove the truth of the matter asserted.

■ Although article 3731a is an exception to the hearsay rule for official written documents, hearsay statements contained within such documents are inadmissible unless they themselves fit within an exception to the hearsay rule. *Porter v. State,* 578 S.W.2d 742 (Tex.Crim.App.—1979); *Texas Department of Public Safety v. Nesmith,* 559 S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Lister v. Employers Reinsurance Corporation,* 590 S.W.2d 803 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

■ Appellee responds by arguing that the statements contained in Plaintiff's Exhibit Number 26, if hearsay, were admissible as showing that the Appellants were put on notice as to the Appellee's medical condition. While the issue of whether the Appellants were on notice of Appellee's medical problems may have been relevant, Appellee has failed to show that the statements contained in the exhibit fell within a recognized exception to the hearsay rule. Because Plaintiff's Exhibit Number 26 contained hearsay statements, the trial court erred when it admitted the document into evidence. Harris County's sixth point and Sheriff Heard's third point of error are sustained. The error in admitting the exhibit does not require that this case be reversed if the remainder of the evidence supports the findings by the jury. If there is sufficient other evidence to support the jury's responses, the error would be harmless. TEX.R.CIV.P. 434.

In points of error seven, eight and nine, Sheriff Heard attacks the sufficiency of the evidence to support certain jury findings. Heard's point of error number seven is that there is insufficient evidence to support the jury's findings that Heard was negligent in failing to give Appellee his proper medication or to timely send Appellee's medical records to TDC. In point of

error number eight, Heard complains that there was insufficient evidence to support the jury finding that Appellee was not negligent in requesting that his medical records from Harris County be forwarded to TDC. Heard's ninth point of error is that there is insufficient evidence to support the jury's findings that Appellee was zero percent (0%) negligent.

Heard's point of error number seven challenges the jury's findings of negligence in failing to give Appellee his medicine and failing to forward the medical records. However, Heard's argument under that point only complains of the finding of negligence relating to the failure to forward the medical records. Heard ignores the finding of negligence in connection with the failure to give Appellee his medication. There is sufficient testimony in the record to support the jury's findings of negligence in connection with the failure to give Appellee his medicine.

Members of Appellee's family testified that four bottles of medicine for Appellee's condition were brought to the jail for Appellee. This was enough medicine for a thirty day period. Two of the bottles were empty at a time when there should have been medication in them. There was testimony as to Appellee's physical condition and appearance while he was at the Harris County Jail. Dr. Ratinov testified that his medical opinion, based on reasonable medical probability, was that Appellee was not properly treated while in the Harris County Jail. The medical records on prisoners kept by the jail only showed which medications were prescribed, not when or if they were given. Appellee also testified that he told County employees about his medical condition and his need for medicine. Appellee testified to the problems he had in getting his medicine while in the downtown Harris County Jail. Appellee testified that he had seizures in the County Jail because he couldn't get his medicine. Since there was sufficient evidence to support a finding of negligence in respect to the failure to give Appellee proper medicine, we need not address the sufficiency of

the evidence to support a finding of negligence in connection with the failure to send Appellee's medical records to the TDC. Sheriff Heard's point of error seven is overruled.

Heard's eighth point attacks the factual sufficiency of the evidence to support the jury's response to special issue number three, which inquired into whether Appellee was negligent in not requesting his medical records from Harris County be forwarded to TDC. Whether Appellee was negligent was a defensive issue upon which Appellants had the burden of proof. *See LeMaster v. Fort Worth Transit Co.*, 138 Tex. 512, 160 S.W.2d 224 (1942). It is not clear from the record that Appellee or his family were ever made aware of the necessity of a signed release in order for his medical records to be forwarded to TDC. The jury was in the best position to determine whether the failure to sign a release form by Appellee or his family constituted negligence. We are unable to say that the jury's response to special issues three and four were so against the great weight of the evidence as to be manifestly unjust. Heard's eighth and ninth points of error are overruled.

Harris County's seventh point of error is that the trial court erred in admitting inadmissible hearsay statements by Jack Jenkins, Sr. Jack Jenkins, Sr., Appellee's father, testified that he spoke to two men at the Harris County Jail. One of the two men was the Desk Sergeant on duty at the jail. An objection was raised to the testimony of Jenkins. Harris County argued that any testimony by the witness as to what the two other men said would be inadmissible hearsay. The trial judge admitted the testimony over Harris County's objection.

Much of the objected to testimony is not hearsay. Jenkins was testifying as to what he saw and did. That part of the testimony was not hearsay. In general, Jenkins was not testifying to prove the truth of previous out of court statements. However, Jenkins testified as to previous statements made by the other man he

talked to at the jail. Jenkins said that this other man, when asked about medicine for Appellee, said "Well, we don't stock this type of medicine." When asked if he could get the medicine the man said "Well, I might could but he would have to make a requisition and get it approved by the Commissioners Court." Jenkins testified that after he volunteered to buy the medicine the other man said "Well, maybe you would like to buy his food, too." Harris County argues it was reversible error for the trial judge to admit those statements. We agree that those statements were hearsay but cannot agree that the trial court committed reversible error.

In order to obtain reversal of a judgment based upon error of the trial court in the admission of evidence, Harris County must show that the trial court's decision to admit the evidence was error and that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Atlantic Mutual Insurance Co. v. Middleman*, 661 S.W.2d 182 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); TEX.R.CIV.P. 434. Looking at the entire record, we do not believe that Harris County has shown that the error was harmful. Appellee's case was not dependent upon the particular statements in issue. Harris County has not shown that the statements were so prejudicial as to probably lead to the rendition of an improper verdict. The trial court's error in admitting the hearsay statements was harmless. Harris County's seventh point of error is overruled.

The judgment is affirmed.