**Harold TURNER, Appellant,**

v.

**MONSANTO COMPANY, Appellee.**

**No. C14–85–635–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 31, 1986.

Rehearing Denied Sept. 11, 1986.

Gene Hagood, Alvin, for appellant.

Ervin Apffel, Jr., Galveston, Phillip C. Bowen, El Paso, B. Lee Ware, Kenneth Tekell, Houston, Otto D. Hewitt, III, Barry H. Summer, Galveston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Harold Turner appeals a take-nothing judgment in favor of Monsanto Company.

His suit was for damages for an injury he sustained while working at Monsanto's Texas City plant. Monsanto had filed a third-party action for indemnity against Turner's employer, Opel Maintenance Company. The trial court judgment denied Monsanto any recovery against Opel.

Turner alleges the trial court erred by failing to admit into evidence a settlement agreement between Monsanto and Opel and by allowing Opel to participate in the trial after the settlement agreement had been made. We affirm.

Opel Maintenance Company employed appellant to install sewer lines at Monsanto's Texas City plant. Appellant had been working in a sump or trap for about a month prior to his injury. Pipes bearing organic materials and water emptied into the sump where the organics and water were separated. Monsanto had the responsibility to plug the pipes before the workers entered the sump. After work one day appellant was attempting to climb into the bed of a pickup truck when his foot slipped and he fell into the truck, injuring his leg. Appellant claims he slipped because he had gotten slippery materials, which had leaked into the sump, on his shoes.

In the contract for the work at Monsanto, Opel had agreed to completely indemnify Monsanto for any liability arising out of an accident where concurrent negligence was found. Late one afternoon several days into the trial, Opel and Monsanto changed their indemnity agreement. Opel agreed to pay 30% of any judgment against Monsanto up to $500,000. The next day Monsanto and Opel informed the court and appellant of the terms of the new agreement. The court denied appellant's motion to exclude Opel from further participation in the trial and refused to admit the settlement agreement into evidence.

Appellant's first and second points of error assert the trial court erred in excluding evidence of the indemnity agreement because the agreement gave Opel a financial interest in appellant's recovery.

As a general rule, evidence of a settlement agreement should be withheld from the jury. *General Motors Corporation v. Simmons*, 558 S.W.2d 855 (Tex. 1977). Agreements in which a plaintiff settles a claim against one of several defendants by agreeing to pay the settling defendant a part of any judgment recovered against the non-settling defendant are called "Mary Carter" agreements. Evidence of "Mary Carter" agreements should be admitted into evidence as a proper subject of cross-examination; exclusion of such evidence is harmful error. *General Motors, supra* at 859.

In *City of Houston v. Sam P. Wallace and Co.*, 585 S.W.2d 669 (Tex.1979) the city's suit against a contractor and subcontractor was consolidated with the subcontractor's employee's action against the contractor. The employee secretly settled with the contractor, agreeing not to argue negligence against him at trial. The supreme court found error in refusing to grant the city's motions for mistrial and new trial. The agreement was held to have resulted in a misalignment of parties which was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

The Opel-Monsanto agreement was not a "Mary Carter" agreement nor did it result in a misalignment of parties. The agreement merely changed the extent of Opel's liability to Monsanto. Under the original indemnity contract, Opel was obligated to pay all damages if concurrent negligence was found. Under the settlement agreement, Opel paid 30% of any judgment against Monsanto regardless of a finding of concurrent negligence.

The agreement did not give Opel a direct financial interest in appellant's recovery. Not only had appellant not agreed to pay any part of his recovery to Opel (as would be the case in a Mary Carter agreement), he was not even a party to the agreement. Unless a settling defendant receives a financial interest in the plaintiff's recovery, there is no error in excluding evidence of the settlement agreement,

*Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 652 (Tex.1977). Further, the agreement did not result in a misalignment of the parties. After the agreement was made Opel's interest in avoiding a judgment against Monsanto remained substantially unchanged. The main issue in the suit was whether or not Monsanto was negligent in performing any duty it had towards appellant. Since the settlement agreement did not affect the issue of Monsanto's negligence, its existence was irrelevant to the suit. *See Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.).

In addition, reversible error is not ordinarily shown in connection with evidentiary rulings unless the whole case turns on the particular evidence admitted or excluded. *Atlantic Mutual Insurance Co. v. Middleman*, 661 S.W.2d 182 (Tex.App.— San Antonio 1983, writ ref'd n.r.e.); *Harris County, Tex. v. Jenkins*, 678 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The settlement agreement was immaterial to the issue of Monsanto's possible negligence towards appellant. Refusing to admit the settlement agreement into evidence was not reversible error. We overrule appellant's first and second points of error.

Appellant's third point of error claims the trial court erred in allowing Opel to participate in the trial after the settlement agreement was made. Appellant claims Opel took on a more aggressive role in the defense after the settlement.

As explained above, the settlement agreement altered Opel's liability from 100% of any judgment in which concurrent negligence was found to 30% of any judgment against Monsanto up to $500,000. Since the settlement did not release Opel from liability on a judgment against Monsanto, Opel retained an interest in the litigation and was entitled to protect that interest by participating as a party defendant in the trial. Appellant's third point of error is overruled.

We affirm the judgment.