Jack E. BRYANT, H. Maxey Dodson, D.H. Hartmann, Individually and d/b/a the H. Investment Company, Charles Hooper, William Quackenbush, Charles L. Robinson, Irvin Wall and T.E. Dawkins, Appellants,

v.

TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Transco Energy Company, Transco Exploration Company, Transco Energy Marketing Company and Transco Gas Supply Company, Appellees.

No. B14–90–00590–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 27, 1991.

Rehearing Overruled Aug. 29, 1991.

Charles H. Puckett, III, Charles R. Dunn, Kenneth D. Rhodes, Andrew Z. Schreck, Houston, for appellants.

Thomas R. McDade, Tom Alan Cunningham, Murry Fogler, Houston, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellants sued appellees (known collectively as Transco) alleging fraud and economic duress. Following a jury trial, the trial court rendered a take-nothing judgment. The judgment of the trial court is affirmed.

As neither point of error concerns the sufficiency of the evidence, only a brief recitation of the facts is required.

Appellants are owners of mineral interests in a natural gas field in Louisiana. Transco operates an interstate natural gas pipe line system. The parties signed a Gas Purchase Agreement on August 6, 1980. Subsequent events caused Transco and appellants to renegotiate the original Gas Purchase Agreement. After extensive negotiations, the parties settled their dispute and entered into a written Settlement Agreement and Contract Amendment. As a part of the settlement, Transco paid appellants approximately five million dollars ($5,000,000). Appellants later learned that Transco had settled a similar dispute with other producers for more money. Appellants then sought to void their Settlement Agreement claiming that Transco had procured the agreement by fraud and economic duress. Appellants sued on these claims.

In their first point of error, appellants allege that the trial court abused its discretion by excluding from evidence certain responses by Transco to requests for admissions. During discovery, appellants requested Transco to admit or deny certain statements by Transco's president, David Mackie, before the Federal Energy Regulatory Commission. The admissions requested by appellants came from his prepared rebuttal testimony concerning Transco's request for a rate increase. Appellants requested that responses to requests for admissions numbers six through nine and eleven and twelve be admitted. Appellants argue that the trial court's denial of the motion prevented them the right to argue their fraud claim before the jury and from responding adequately to the defenses raised by Transco.

■ To obtain the reversal of a judgment based upon an error of the trial court in admission or exclusion of evidence, it must be shown that the trial court did in fact commit error and that the error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); *Harris County, Texas v. Jenkins*, 678 S.W.2d 639, 645 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); TEX.R.APP.P. 81(b). Any error in excluding evidence is harmless if other admitted evidence reveals the same facts as that which is excluded. *Wilson v. John Frantz Co.*, 723 S.W.2d 189, 194 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

■ The complete version of Mr. Mackie's testimony, containing the admissions in question, was appellants' exhibit 60 at trial.

A redacted version of exhibit 60 was before the jury by agreement and was placed in the jury notebooks which the jury reviewed during its deliberations. The bulk of the excluded evidence was before the jury through exhibit 60. Only admissions eleven, twelve and part of six were not in evidence.

The excluded admissions, a total of ten lines, state that:

1. Producer court victories over pipeline companies such as Transco are a key consideration in negotiating gas purchase agreements.

2. Force majeure defenses to producer take-or-pay claims have been met with almost universal rejection by the courts.

3. Mackie knew of no defenses that a pipeline company could employ, in a take-or-pay dispute, to defeat a producer's contractual entitlement to specified prices for gas.

Other statements made by Mr. Mackie, that were before the jury, express the same ideas:

1. Producer victories in lawsuit involving take-or-pay provisions is a very significant factor in negotiations with producers.

2. Mackie knew many lawsuits involving take-or-pay provisions resulted in summary judgment for the producers.

3. Transco's force majeure defense had been rejected in other lawsuits.

4. Mackie knew that a federal court, in a decision affirmed by the Fifth Circuit, had labelled the basic elements of a pipeline company's take-or-pay defenses as "largely frivolous."

5. Mackie knew that the basic elements of the force majeure defense are not defenses when a contract assigns a particular market risk to one party.

These five statements, which were before the jury, relate the same information as those admissions excluded by the trial court. Since the same evidence was already before the jury, any error committed by the trial court in excluding the admissions was harmless and cannot constitute reversible error. *See Wilson,* 723 S.W.2d at 194. Appellants were thus in no way prevented from asserting their claim of fraud and responding to the defenses asserted by Transco. Appellants did make their fraud argument to the jury which they now claim was denied them. The jury evidently rejected their argument. Appellants' first point of error is overruled.

In their second point of error appellants contend that the trial court submitted an erroneous instruction with jury question number one. Appellants argue that the complained of instruction is a comment on the weight of the evidence and contradicts "well-settled" Texas law.

The challenged instruction reads as follows:

You are further instructed that an expression of a personal or legal opinion or a prediction about the future is not a fraudulent representation if it is made to some one with equal knowledge of or opportunity to know the relevant facts and if it is not given with the intention of deceiving the other person.

■ To complain on appeal that the instruction misstates the law or is a comment on the weight of the evidence, appellants must have made such an objection at trial, TEX.R.CIV.P. 272, 274; TEX.R.APP.P. 52(a), specifically, pointing out the objectionable matter and the grounds for the objection. Otherwise the objection is waived. TEX. R.CIV.P. 274. Appellants claim that a proper objection was made when appellants' trial attorney stated, in reference to the instruction in question:

All right. If they get that instruction, then, I would ask that the Court reconsider the putting of our instruction in the body of the charge in Question No. 1, as well. I mean if they're going to get an instruction based upon their view of their case, then we should have an instruction based upon the view of our case.

Even if these comments could somehow be construed as an objection, the statements fail to comport with the objections appellants make on appeal. Failure to object properly has waived this point on appeal. *Castleberry v. Branscum,* 721 S.W.2d 270, 276 (Tex.1986). However, in the interest of justice, the merits of appellants' contentions will be considered.

■ The trial court has broad discretion in submitting instructions to the jury. *Harris v. Harris*, 765 S.W.2d 798, 801 (Tex. App.—Houston [14th Dist.] 1989, writ ref'd n.r.e.). It shall submit such instructions as are proper in enabling the jury to render a verdict. Tex.R.Civ.P. 277. When an instruction is given, the question on review is whether the instruction was proper. *Id.* An instruction is improper only if it misstates the law as applicable to the facts of the case. *Harris*, 765 S.W.2d at 801.

■ Generally, fraud cannot arise from pure expressions of opinion, whether personal or legal, or predictions about the future. *Fina Supply, Inc. v. Abilene Nat'l Bank*, 726 S.W.2d 537, 540 (Tex.1987) (legal opinion); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex.1983) (personal opinion); *Kodiak 1981 Drilling Partnership v. Delhi Gas Pipeline Corp.*, 736 S.W.2d 715, 718 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) (future predictions). An exception to this general rule is when a statement of opinion or a prediction about the future is made with present knowledge that the statement is false or with present intent to deceive. *Dowling v. NADW Mktg., Inc.*, 631 S.W.2d 726 (Tex.1982). Another exception is where one party has knowledge of relevant facts and expresses his opinion or makes his prediction to another party who has no knowledge of the relevant facts and no opportunity to know those facts. *Fina Supply, Inc.*, 726 S.W.2d at 540.

■ The instruction in this case is a complete and accurate statement of Texas law. It contains the general rule and the applicable exceptions. It was necessary to inform the jury of the legal distinction between fraud predicated on facts and fraud predicated on opinions or predictions. It does not constitute a comment on the weight of the evidence. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.