In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00155-CV
______________________________


IN THE MATTER OF THE MARRIAGE OF
MARTHA ORTIZ IVERS AND THOMAS JAMES IVERS AND
IN THE INTEREST OF MADISON NICOLE IVERS AND
MARIN NAOMI IVERS, CHILDREN
 


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 70060


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Martha Ortiz Ivers and Thomas James Ivers were divorced by an order signed October 22,
2003, by the Sixth Judicial District Court of Lamar County. The court also issued orders for
conservatorship and support of the parties' two minor children. 
            Martha and Thomas were married in 1992 and separated in April 2002. Two girls, ages five
and eight, were born to the marriage. When the parties separated, the children remained in the
community home with Martha, but visited frequently with Thomas. The trial court appointed the
parties as joint managing conservators, but granted Thomas the right to establish the primary
residence of the children and ordered that such primary residence remain in Lamar County, Texas. 
The trial court further ordered the parents to alternate the possession of the children on a weekly
basis. The trial court specifically found that the children should not be in the presence of Billy
Collard unless Martha married him. The court also divided the property of the parties and ordered
child support in the final decree of divorce. Martha appeals on the following issues:
1. The trial court considered inadmissible hearsay in naming the managing conservator of the
children.

2. The trial court considered inadmissible irrelevant evidence in naming the managing conservator
of the children.

3. The trial court abused its discretion in entering a possession order that varied from the standard
possession order. 

            We affirm the judgment of the trial court. 
Hearsay
            One of the primary arguments presented on Thomas's behalf was that Martha was involved
romantically with Billy Collard, that she had taken the daughters and spent the weekend with him,
and that she and the daughters had taken trips with him. Martha acknowledged she had a serious
relationship with Billy. During the separation, Thomas came to the home and found Billy hiding in
a closet. Billy's ex-wife, Leslie Collard, testified concerning Billy's infidelity. She also was
questioned about an e-mail that Billy allegedly sent to a person named "Angel" in June 2000, in
which he purportedly discussed wanting to be with another man's wife. When the e-mail was offered
into evidence, an objection was made on the grounds that it was not relevant, not authenticated, and
was hearsay. The trial court overruled the objection and admitted the exhibit. 
            Thomas argues that, even if the evidence "may have shown that perhaps there was an error
in the introduction of an email," it was not reversible error. We agree the e-mail was inadmissible,
but did not cause reversible error. The writing was introduced as a statement of Billy to prove the
truth of the assertion that he was interested in the wives of other men. See Tex. R. Evid. 801. It
violates the hearsay rule. See Tex. R. Evid. 802.
            Admitting and excluding evidence are matters within the discretion of the trial court. To
obtain a reversal of a judgment based on the erroneous admission of evidence, an appellant must
show that, in light of the entire record, the trial court's ruling was in error and that the error was
calculated to cause and probably did cause rendition of an improper judgment. McCraw v. Maris,
828 S.W.2d 756, 757 (Tex. 1992); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.
1989); see Tex. R. App. P. 44.1. Rulings on admissibility of evidence are not ordinarily reversible
where the evidence in question is cumulative and not controlling on a material issue dispositive of
the case. Whitener v. Traders & Gen. Ins. Co., 155 Tex. 461, 289 S.W.2d 233, 236 (1956); see also
Turner v. Monsanto Co., 717 S.W.2d 378, 381 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd
n.r.e.) (reversible error is not ordinarily shown unless the whole case turns on the evidence, admitted
or excluded). Thus, we must review the entire record to determine whether the judgment was
controlled by the testimony that should have been excluded.
            In reviewing the entire record, we find that the "e-mail" evidence is cumulative. There is a
great deal of evidence admitted without objection concerning Billy's infidelity. Leslie Collard
testified without objection that her ex-husband had been seeing Martha since October 2001 and that
this was his second affair. Martha did not dispute the affair.
            In reviewing a cause tried before the court, the improper admission of evidence will generally
not require reversal of the judgment when there is competent evidence to authorize its rendition. 
Gillespie v. Gillespie, 644 S.W.2d 449, 450 (Tex. 1982). In Gillespie, the trial court improperly
allowed hospital records into evidence detailing one party's alcoholism. The Texas Supreme Court
found such error not to be reversible because, even without the hospital records, there was sufficient
evidence in the record to support the trial court's determination as to conservatorship. Id.
            Further, we find that the evidence of this e-mail was not controlling on the material issue. 
The trial court had ample evidence on which to decide the custody issue other than the e-mail. The
entire record reveals that the trial court heard testimony that both Martha and Thomas were good
parents, that the children loved both of them; and that each parent kept the children three days a week
and every other weekend during a part of the separation. Jose Antonio Young, Donald Smith, and
Joanne Redell all testified that Thomas was a good father and that it would be best for the children
to be with him. The court appointed each parent as a joint managing conservator and gave each
equal time of physical possession of the children. Based on a review of the entire record, we do not
find that the admission of the e-mail "probably caused the rendition of an improper judgment." See
Tex. R. App. P. 44.1. Therefore, we deny Martha's first point of error.
Irrelevant Evidence
            In Martha's second point of error, she complains of the trial court's admitting irrelevant
evidence from Leslie that her child was restricted from traveling more than two hours in order to
visit his father, Billy. Further, she objects that Leslie's testimony that Billy did not visit with his
parents was also irrelevant. 
            The evidence was that Martha had a romantic relationship with Billy; that they had taken trips
together to Dallas, Oklahoma City, Las Vegas, and California; that he had spent the night at her
house while the girls were there; that he lives in Oklahoma City; that she had plans to move there
also; that she did not know if they will marry; and that she saw nothing improper in being around
him with the children, even though she was married. Ronikaye Joplin, a counselor, testified the
children had developed a bond with Billy. 
            Since the testimony showed that Billy had developed some relationship with the children and
that he apparently would be involved in their lives in the future, evidence of his relationships with
his own child and other family members has some relevance in determining the best interests of these
children. 
            We do not believe the trial court abused its discretion in admitting this testimony. 
Variation from Standard Possession Order
            In her third point, Martha argues the trial court abused its discretion in entering a possession
order that varied from the standard possession order. Section 153.137 establishes that the standard
possession order is a presumptive minimum amount of time for possession of a child by a parent
named as a joint managing conservator who is not awarded the exclusive right to designate the
primary residence of the child. Tex. Fam. Code Ann. §§ 153.311–.317 (Vernon 2002 & Supp.
2004). Here, the trial court awarded Martha considerably more time of possession with her children
than the standard order requires. Equal time of possession of children is neither recommended nor
prohibited by statute. See Tex. Fam. Code Ann. § 153.135 (Vernon 2002).
            The best interests of the children shall always be the primary consideration of the court in
determining questions of managing conservatorship, possession, support of, and access to children. 
Trial courts have wide discretion in determining what is in the children's best interests. The trial
court's judgment regarding what serves the best interests of the children with regard to child support
and visitation, specifically the establishment of terms and conditions of the conservatorship, is a
discretionary function of the trial court and will only be reversed on a determination that the trial
court has abused its discretion. This is because the trial court is in the best position to observe the
demeanor and personalities of the witnesses and can feel forces, powers, and influences that cannot
be discerned by merely reading the record. The test for abuse of discretion is whether the trial court
acted without reference to any guiding rules or principles; in other words, whether the act was
arbitrary or unreasonable. E.C., Jr. ex rel Gonzales v. Graydon, 28 S.W.3d 825, 829 (Tex.
App.—Corpus Christi 2000, no pet.).
            Martha argues this order had the effect of mandating that she remain close enough to ensure
that the children are in Lamar County for school and local activities. The trial court is charged with
determining the best interests of the children, which may cause inconvenience to the parents. After
hearing all of the evidence, the trial court found it in the best interests of the children for each parent
to have equal periods of physical possession. It is a reasonable conclusion the children are well
served by having an equal amount of time with each parent. While this is a deviation from the
standard possession order, it grants Martha more time with her children. It has been held that the
duty to file the reasons for deviation from the standard possession order only occurs when the trial
court grants less time of possession than the standard order. Voros v. Turnage, 856 S.W.2d 759, 761
(Tex. App.—Houston [1st Dist.], 1993, writ denied). We do not believe the trial court abused its
discretion in granting each parent equal time of physical possession of the children. 
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 21, 2004
Date Decided:             April 30, 2004