**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellant,**

v.

**Donald E. HILL, Appellee.**

No. 05–05–01149–CV.

Court of Appeals of Texas, Dallas.

June 12, 2006.

Wendy D. Schrock, Dallas, for Appellant.

Donald E. Hill, Dallas, pro se.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

In this workers' compensation case, American Casualty Company of Reading, Pennsylvania appeals the trial court's judgment changing Donald E. Hill's date of maximum medical improvement from November 6, 2002 to June 30, 2004. Appellant brings four issues asserting the trial court erred by (1) admitting Hill's exhibits 3 through 8, which were unauthenticated and were hearsay; (2) failing to apply Texas Labor Code sections 410.306 and 410.307; (3) disregarding appellant's proposed conclusions of law; (4) denying appellant's motion for directed verdict. We affirm the trial court's judgment.

## BACKGROUND

On July 26, 2002, Hill suffered compensable injuries when he lifted a metal rack and was struck by a forklift. On November 6, 2002, Hill was seen by Dr. Samuel Bierner, the designated doctor by the Texas Workers' Compensation Commission. Dr. Bierner issued a report certifying that Hill reached maximum medical improvement on November 6, 2002, and he assigned an impairment rating of five percent as a result of Hill's compensable injury. Dr. Bierner observed that Hill had other lumbar and cervical problems due to degenerative disease that were not affected by the July 26, 2002 incident. Hill challenged both Dr. Bierner's certification of November 6, 2002 as the date of maximum medical improvement and Dr.

Bierner's assignment of a five percent impairment rating.

A contested case hearing was held on June 16, 2003. The hearing officer concluded there was no evidence contrary to Dr. Bierner's certification of the date of maximum medical improvement and statement of the impairment rating. The hearing officer observed that Hill's treating physician, Dr. Washington, stated on November 18, 2002, that he agreed with Dr. Bierner's certification of the date of maximum medical improvement and the impairment rating. The hearing officer concluded that Hill reached maximum medical improvement on "November 2, 2002," his impairment rating was five percent, and the compensable injury did not include the degenerative changes to Hill's cervical and lumbar regions. Hill pursued an administrative appeal of the hearing officer's decision. The appeal panel reformed the hearing officer's decision to state Hill reached maximum medical improvement on November 6, 2002, which is the date of maximum medical improvement certified by Dr. Bierner. The appeal panel concluded the remainder of the hearing officer's determinations of maximum medical improvement and impairment rating were supported by sufficient evidence and were not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

Hill filed suit seeking judicial review of the administrative determinations. Hill represented himself in the trial before the court on the issues of the date of maximum medical improvement and the extent of his impairment. Hill offered seven exhibits of correspondence and medical records into evidence. Appellant objected to the exhibits on the grounds that they were hearsay, lacked evidentiary support to meet the business records exception, and were unauthenticated. The trial court questioned Hill about how he came into possession of the documents, and the court admitted the exhibits. After Hill rested, appellant put on its evidence, including the written rulings of the hearing officer and appeal panel and Dr. Bierner's deposition on written questions. After appellant rested, and the parties closed, the trial court allowed Hill to reopen and, over appellant's objection, admitted an exhibit containing Dr. Bierner's report of June 30, 2004 certifying that Hill reached maximum medical improvement on June 30, 2004 and assigning a five percent impairment rating. The trial court rendered judgment that Hill reached maximum medical improvement on June 30, 2004 and that his impairment rating was five percent.

At appellant's request, the trial court entered findings of fact and conclusions of law, including,

7. Dr. Bierner did not find a substantial change of condition when he re-examined Plaintiff Donald E. Hill on June 30, 2004.

9. The correct date of Maximum Medical Improvement is June 30, 2004, based upon the certification by Dr. Samuel Bierner

10. The correct impairment rating for Plaintiff Donald E. Hill is 5% based upon the certification by Dr. Samuel Bierner.

**Substantial Change of Condition**

 In its second and fourth issues, appellant contends the evidence is legally insufficient and the trial court erred in denying the motion for directed verdict. Both review of the legal sufficiency of the evidence and the denial of a motion for directed verdict involve the same legal sufficiency standard of review. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005). In determining whether evidence is legally insufficient, we review the evidence in the light most favorable to the verdict, and we

indulge every reasonable inference that would support it. *Id.* at 822

"No evidence" points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*Id.* at 810 (quoting Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 61, 362–63 (1960)).

Appellant argues that all the evidence that June 30, 2004 was the date of maximum medical improvement was inadmissible because (a) the evidence was not presented in Hill's contested case before the hearing officer, (b) appellant failed to show he had suffered a substantial change of condition after his hearing before the Commission; and (c) sections 410.306(c) and 410.307(a) of the Texas Labor Code prohibit the trial court from receiving evidence of the extent of impairment that was not presented in the contested case hearing absent a showing of substantial change of condition. Thus, appellant's arguments depend upon whether sections 410.306(c) and 410.307(a) of the Texas Labor Code bar evidence of the date of maximum medical improvement that was not presented

to the hearing officer when the employee fails to show a substantial change of condition. Section 410.306(c) provides:

Except as provided by Section 410.307, evidence of extent of impairment shall be limited to that presented to the division.

Tex. Lab.Code Ann. § 410.306(c) (Vernon 2006). Section 410.307(a) provides:

Evidence of the extent of impairment is not limited to that presented to the division if the court, after a hearing, finds that there is a substantial change of condition.

*Id.* § 410.307(a).

Appellant argues that these two statutes prohibited the court from considering Dr. Bierner's June 30, 2004 certification of maximum medical improvement because that evidence was not presented in the administrative hearings and the trial court found there was no substantial change of condition. We disagree. The statutes clearly prevent the trial court from considering new evidence of extent of impairment, but they do not purport to prohibit new evidence of the date of maximum medical improvement. Certification of maximum medical improvement and assignment of the impairment rating involve different determinations and are treated differently under the statutes. *See id.* § 401.011(24), (30) (definitions of "impairment rating" and "maximum medical improvement").[1] The cases appellant cites

---

1. " 'Impairment rating' means the percentage of permanent impairment of the whole body resulting from a compensable injury." Tex. Lab.Code Ann. § 401.011(24) (Vernon 2006). "Maximum medical improvement" means the earlier of:

(A) the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated;

(B) the expiration of 104 weeks from the date on which income benefits begin to accrue; or

(C) the date determined as provided by Section 408.104.

*Id.* § 401.011(30)

Under the Texas Worker's Compensation Act, the date of maximum medical improvement and the impairment rating involve different benefits. An employee who has a disability receives "temporary income benefits" until

do not apply the statutes to the certification of the date of maximum medical improvement. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 528 (Tex.2000); *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248 (Tex.1999); *Lumbermens Mut. Cas. Co. v. Manasco,* 971 S.W.2d 60 (Tex. 1998).

■ We conclude these statutes did not bar the trial court from considering evidence of the date of maximum medical improvement not presented in the administrative proceedings. Accordingly, appellant has not shown the evidence is legally insufficient or that the trial court erred in denying the motion for instructed verdict.

We resolve appellant's second issue against it, and we resolve appellant's fourth issue against it to the extent it concerns the failure to prove a substantial change of condition.

### Admission of Hill's Exhibits

■ In its first issue, appellant contends the trial court erred in admitting Hills exhibits three through eight. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.,* 180 S.W.3d 570, 575 (Tex.2005); *Sierad v. Barnett,* 164 S.W.3d 471, 481 (Tex.App.-Dallas 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Sierad,* 164 S.W.3d at 481.

### Plaintiff's Exhibits 3–6

■ Appellant discussed each of plaintiff's exhibits in separate sections of its brief. For plaintiff's exhibits 3, 4, 5, and 6, appellant's briefing fails to cite any authority in support of its assertions that these documents were unauthenticated and inadmissible hearsay. Accordingly, appellant's arguments are waived for insufficient briefing. *See* TEX.R.APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.,* 177 S.W.3d 537, 544 (Tex.App.-Dallas 2005, no pet.); *Wolfe v.C.S.P.H. Inc.,* 24 S.W.3d 641, 646–47 (Tex.App.-Dallas 2000, no pet.).

### Plaintiff's Exhibits 7 & 8

Plaintiff's exhibit 7 consisted of several documents, including a letter from the Commission to Hill stating in part, "The records in your claim file reflect that Dr. Bierner subsequently amended his original date of MMI from November 6, 2002, to June 30, 2004." Appellant objected to this exhibit on the ground that it was "not in admissible form," it was hearsay, and the documents in the exhibit were not properly authenticated under rules of evidence 901 and 902. The trial court asked Hill where he had gotten "all those letters," and he said he got them "[f]rom TWCC. They were mailed to me." The trial court then admitted plaintiff's exhibit 7.

Plaintiff's exhibit 8 contains the records of Dr. Bierner's June 30, 2004 re-evaluation of Hill's date of maximum medical improvement and impairment. The exhibit includes Dr. Bierner's report stating Hill's date of maximum medical improvement was June 30, 2004 and assigning an impairment rating of five percent. Appellant objected to plaintiff's exhibit 8 be-

---

the date of maximum medical improvement. *Id.* §§ 408.101, .102. After that date, the employee receives "impairment income benefits" for three weeks for each percentage point of impairment. *Id.* § 408.121. After the expira-

tion of impairment income benefits, an employee with an impairment rating of fifteen percent or more may be entitled to "supplemental income benefits." *Id.* § 408.142.

cause "it's not in proved up form. It's not admissible. It contains hearsay. Therefore, it's not properly authenticated before this Court. We would ask for it to be excluded on those grounds." The trial court overruled the objections and admitted the exhibit.

■ On appeal, appellant asserts that plaintiff's exhibits 7 and 8 are not properly authenticated under rules of evidence 901 and 902. Rule 901 requires evidence be authenticated to be admissible. Tex.R. Evid. 901(a). This requirement may be met by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *Id.* 901(a)(4). In this case, the trial court could conclude the distinctive characteristics and contents of the documents, taken in conjunction with the circumstances, were sufficient to prove the documents were genuine, and we conclude the trial court did not abuse its discretion in overruling appellant's lack-of-authentication objections. *See Sierad,* 164 S.W.3d at 486 (authentication of banking documents, closing statement, and insurance claim form and checks).

■ As for appellant's hearsay argument, appellant asserts plaintiff's exhibits 7 and 8 are inadmissible hearsay because plaintiff failed to prove the predicate for the admission of business records. However, appellant cites no authority in support of this argument. Accordingly, appellant's arguments are waived for insufficient briefing. *See* Tex.R.App. P. 38.1(h); *G.R.A.V.I.T.Y.*

*Enters., Inc.,* 177 S.W.3d at 544; *Wolfe,* 24 S.W.3d at 646–47.

We overrule appellant's first issue.

Appellant also argued in its fourth issue that the trial court erred in denying appellant's motion for directed verdict because the evidence supporting June 30, 2004 as the date of maximum medical improvement "was improperly admitted" "[f]or the reasons shown in American Casualty's Issue No. 1." Thus, to prevail under this part of its fourth issue, appellant had to prevail on its first issue. As discussed above, appellant's first issue failed to establish that the evidence was improperly admitted.[2] Accordingly, this part of appellant's fourth issue also lacks merit. We overrule the remainder of appellant's fourth issue.

### Conclusions of Law

■ In its third issue, appellant asserts the trial court erred by disregarding its proposed conclusions of law. Specifically, appellant complains of the trial court's failure to enter a conclusion of law regarding whether Hill underwent a substantial change of condition after his original maximum medical improvement date of November 2, 2002. Appellant fails to cite any relevant authority in support of this issue, thereby waiving it through insufficient briefing. *See* Tex.R.App. P. 38.1(h); *G.R.A.V.I.T.Y. Enters., Inc.,* 177 S.W.3d at 544; *Wolfe,* 24 S.W.3d at 646–47. Furthermore, as discussed above, a substantial change of condition was not a statutory prerequisite to an amendment of the date of maximum medical improvement.

---

**2.** To the extent appellant also argued the trial court erred in denying the motion for directed verdict because Hill's evidence of June 30, 2004 as the date of maximum medical improvement was hearsay, we note appellant did not include hearsay as a ground in his motion for directed verdict. "A motion for directed verdict shall state the specific

grounds therefor." Tex.R. Civ. P. 268. Because hearsay was not a specific ground of appellant's motion for directed verdict, it was waived. *See also* Tex.R.App. P. 33.1(a)(1)(A) (to preserve error for appellate review, party must state sufficiently specific grounds for relief to trial court).

Therefore, no such conclusion was necessary. We overrule appellant's third issue.

We affirm the trial court's judgment.