# NO. 12-08-00423-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FINIS HENRY, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF WANDA JO [SHEPPARD] HENRY, DECEASED AND BRIDGET HENRY, INDIVIDUALLY, APPELLANTS* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, STEVE MCMAHON, UNION PACIFIC CORPORATION, AND UNION PACIFIC COMPANY, APPELLEES* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Finis Henry, individually and as administrator of the estate of Wanda Jo [Sheppard] Henry, deceased, and Bridget Henry, individually (collectively "Appellants") appeal the take nothing judgment entered against them in their wrongful death suit against Burlington Northern Santa Fe Corporation, BNSF Railway Company, Steve McMahon, Union Pacific Corporation, and Union Pacific Company (collectively "Appellees"). In two issues, Appellants argue that the trial court (1) erroneously instructed the jury on negligence per se and (2) improperly admitted into evidence a video containing an unauthenticated "LocoCAM" software overlay. We affirm.

### BACKGROUND

On September 12, 2006, Wanda Jo [Sheppard] Henry was killed while she attempted to drive across railroad tracks owned by Union Pacific Company at a railroad crossing. The crossing was marked and preceded by a stop sign. As Wanda Jo crossed the tracks, her vehicle was struck by a train operated by Engineer Steve McMahon and owned by BNSF Railway Company.

Finis Henry, Wanda Jo's husband, and Bridget Henry, her daughter, sued Appellees for wrongful death and negligence. The matter proceeded to a jury trial. Ultimately, the jury found that Wanda Jo was one hundred percent negligent and that Appellees were not liable for her death. The trial court entered a final judgment that Appellants take nothing, and this appeal followed.

<u>**CHARGE INSTRUCTIONS**</u>

In their first issue, Appellants argue that the trial court erred in submitting charge instructions related to Texas Transportation Code sections 545.151(b)(1) and 545.251(a) to the extent that the instructions contained a reference to negligence per se. Specifically, Appellants contend that an instruction on negligence per se is improper where the instruction sets forth conditional duties. The trial court's instruction to the jury in its charge stated, in pertinent part, as follows:

> The law requires the operator of a vehicle approaching a railroad grade crossing to stop not closer than 15 feet or farther than 50 feet from the nearest rail if: (1) a clearly visible railroad signal warns of the approach of a railroad train; (2) a crossing gate is lowered, or a flagger warns of the approach or passage of a train; (3) a railroad engine approaching within approximately 1,500 feet of the highway crossing emits a signal audible from that distance and the engine is an immediate hazard because of its speed or proximity to the crossing; (4) an approaching railroad train is plainly visible to the operator and is in hazardous proximity to the crossing; or (5) the operator is required to stop by: (A) other law; (B) a rule adopted under a statute; (C) an official traffic-control device; or (D) a traffic-control signal. An operator of a vehicle required under the law to stop shall remain stopped until permitted to proceed and it is safe to proceed. An operator of a vehicle who approaches a railroad grade crossing equipped with railroad crossbuck signs without automatic, electric, or mechanical signal devices, crossing gates, or a flagger warning of the approach or passage of a train shall yield the right-of-way to a train in hazardous proximity to the crossing, and proceed at a speed that is reasonable for the existing conditions. If required for safety, the operator shall stop at a clearly marked stop line before the grade crossing or, if no stop line exists, not closer than 15 feet or farther than 50 feet from the nearest rail.
> An operator approaching an intersection shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign. A failure to comply with this law is negligence in itself.

To preserve error in the charge in a civil matter, the objecting party must distinctly designate the error and the grounds for the objection. *See* TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 272, 274; ***Sears, Roebuck & Co. v. Abell***, 157 S.W.3d 886, 891 (Tex. App.–El Paso 2005, pet. denied) (citing ***Keetch v. Kroger Co.***, 845 S.W.2d 262, 267 (Tex. 1992)) (to preserve charge error, appellant must comply with Texas Rules of Civil Procedure Rules 271 through 279). Any complaint pertaining to an instruction is

2

waived unless specifically included in the objections. *Abell*, 157 S.W.3d at 891; *see also* TEX. R. CIV. P. 272.

Historically, charge error has been a serious problem in Texas. *See, e.g., Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex. 1984) (discussing problems prior to broad submission). A specific objection and a request serves to protect the trial court from committing reversible error during the charge hearing. *See Abell*, 157 S.W.3d at 892.

In sum, a party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007) (quoting TEX. R. CIV. P. 274). Objections to the charge and requests for instructions must comport with the arguments made on appeal. *See Isaacs v. Bishop*, 249 S.W.3d 100, 113 n.13 (Tex. App.–Texarkana 2008, pet. denied); *Coke v. Coke*, 802 S.W.2d 270, 275 (Tex. App.–Dallas 1990, writ denied). In the absence of an objection at trial that matches the complaint on appeal, nothing has been preserved for our review. *Isaacs*, 249 S.W.3d at 113 n.13 (citing TEX. R. APP. P. 33.1).

In the case at hand, during the charge conference, Appellants made specific objections to three portions of the aforementioned instructions. Specifically, Appellants objected as follows:

> The second issue we would like to talk about, Judge, is the instructions section in regard to the third paragraph, the Transportation Code. The one in the Court's Charge indicates the Transportation Code requires all vehicle operators to stop not closer than 15 feet or further than 50 feet from the nearest rail of the railroad, and then proceed only with due care. It's the plaintiff's position in this case that that language, "To proceed only with due care," is a conditional duty. According to the Texas Supreme Court, when a statute has a conditional duty in it, it's improper to have it in the Charge under an instruction, and we would object on that matter, Judge. We would also object that it's only a partial part of the statute that is taken there.
>
> ….
>
> The next matter starts on that same page, Judge, at the bottom, along the lines of the previous objection, about the statute having the conditional duty in it. Specifically, if we read the statute where it starts, "The law requires" on that page, and then it goes on to the next page. It specifically says, "An operator of a vehicle, required under the law to stop, shall remain stopped until permitted to proceed and it is safe to proceed." That language there is a conditional duty imparted by the statute onto the motorist. And under the Texas Supreme Court case, if it's a conditional duty in the statute, it's improper to have it as an instruction in a jury charge, and we would object to it on that matter.
>
> ….

The next objection is the very next paragraph,[1] Judge. It talks about - - again, it's the same statute again. And this time, it's just a portion of the statute. And it says, "The law requires the operator of the vehicle to stop not closer than 15 feet or farther than 50 feet from the nearest rail of the railroad, and then requires the operator to proceed only with due care." Again, we believe that is violative of the Texas Supreme Court in regards [sic] to conditional duty, and we would also point out that it's just a partial portion of the statute, and it's duplicative of the previous two paragraphs, Judge.

The crux of Appellants' first issue is that a negligence per se instruction is not proper where the statute contains conditional duties.[2] However, in their objections to the court's charge, Appellants make no reference to negligence per se. Rather, Appellants only object that certain portions of the instruction contained conditional duties.

Moreover, the portions of the instructions to which Appellants objected are each contained in the first of two paragraphs comprising the instructions. Nowhere in that paragraph does the trial court make reference to "negligence per se." The second paragraph does, in fact, contain a reference to "negligence in itself." However, this paragraph sets forth no conditional duties. Further, it bears mention that the two paragraphs are derived from separate sections of the Texas Transportation Code. Thus, the two paragraphs are reasonably construed as being separate statements of the law and, thus, the language "[a] failure to comply with this law is negligence in itself" could reasonably be construed as referring to the second paragraph alone. There is no indication in the record that the "negligence in itself" language related also to the duties set forth in the first paragraph.

Appellants' objections were specific concerning the portions of the instructions they contended were erroneous, but vague concerning the underlying reason for the objection. As such, Appellants have waived the error, if any, of which they complain. TEX. R. CIV. P. 274. Further, Appellants' objections to the charge do not specifically comport with their argument on appeal. Thus, nothing has been preserved for our review. *See* TEX. R. APP. P. 33.1. Finally, even had Appellants preserved error, based on our reading of the instructions at issue, we conclude that the negligence per se instruction in the second paragraph does not relate back to any of the conditional duties set forth in the first paragraph. Appellants' first issue is overruled.

---

[1] It is apparent from the substance of his objection that Appellants' counsel is referring to the next sentence in the instruction as opposed to the next paragraph.

[2] Appellants further argue in their brief that a negligence per se instruction is erroneous when there is evidence of an excused violation.

4

## ADMISSIBILITY OF VIDEO WITH LOCOCAM SOFTWARE OVERLAY

In their second issue, Appellants argue that the trial court abused its discretion in admitting into evidence a video of the collision because the video contained a software based data overlay called LocoCAM.[3]  Specifically, Appellants contend that the LocoCAM software overlay was not properly authenticated because the two BNSF employees who testified concerning it "knew nothing about how the software worked or anything at all about the accuracy of the information displayed."

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard.  *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Texas Rule of Evidence 901(a) requires authentication of evidence.  *See* TEX. R. EVID. 901(a).  Texas Rule of Evidence 901(b) gives examples of authentication conforming with rule 901(a).  *See* TEX. R. EVID. 901(b).  Rule 901(b), however, expressly states that the examples listed are not limitations on the ways an object can be authenticated to meet the requirements of rule 901(a).  *See id.*

Under rule 901(a), the requirement of authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Sanchez v. State Bd. of Med. Examiners*, 229 S.W.3d 498, 508 (Tex. App.–Austin 2007, no pet.); *see* TEX. R. EVID. 901(a).  Such evidence may include testimony by a witness with knowledge that a matter is what it is claimed to be, but the predicate for admissibility under rule 901 may also be proved by circumstantial evidence.  *Sanchez*, 229 S.W.3d at 509; *In re G.F.O.*, 874 S.W.2d 729, 731 (Tex. App.–Houston [1st Dist.] 1994, no writ).  This requirement may be met by "appearance, contents, substance, internal patterns, or other distinctive

---

[3] The LocoCAM software overlay displayed information such as time, date, speed of the train, and location of the train.  The record reflects that the video camera was mounted on the third rearward facing locomotive.  The record further reflects that a LocoCAM module and an event recorder were also located on the third rearward facing locomotive.  The video camera makes a video and audio recording of the train. The LocoCAM camera module records information such as global positioning system ("GPS") coordinates, time, speed, brake application, and whether the whistle was blown.  The event recorder is a separate device from the LocoCAM module.  The event recorder records the engine's speed, the application of the emergency brakes, and the duration of time for which the whistle was blown.

characteristics, taken in conjunction with circumstances." *Am. Cas. Co. of Reading, PA v. Hill*, 194 S.W.3d 162, 167 (Tex. App.–Dallas 2006, no pet.); *see* TEX. R. EVID. 901(a)(4).

However, any error in excluding evidence is harmless if other admitted evidence reveals the same facts as that which is excluded. *See Bryant v. Transcon. Gas Pipe Line Corp.*, 821 S.W.2d 187, 188 (Tex. App.–Hous. [14th Dist.] 1991, writ denied). Erroneous admission or exclusion of evidence requires reversal if the error probably caused the rendition of an improper judgment. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). The erroneous admission of evidence that is merely cumulative of properly admitted evidence is harmless error. *McInnes v. Yamaha Motor Corp.*, 673 S.W.2d 185, 188 (Tex. 1984); *City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 791 (Tex. App.–Dallas 1992, writ denied).

In the case at hand, Appellants argue that the supposedly improperly authenticated LocoCAM software injected data, specifically time, date, speed, and location of the train, into the video. Even assuming arguendo that Appellants correctly assert that the LocoCAM software overlay was not properly authenticated, there is evidence concerning the time, date, speed, and location of the train that was admitted into evidence without objection. The information contained in a printout from the event recorder taken from the third locomotive that was admitted into evidence indicated the date, time, the blowing of the whistle, the application of the emergency brakes, and the time it took the train to stop. BNSF expert, Foster Peterson, testified that the video played through the LocoCam software depicted the accident at issue. Peterson testified concerning the accident location at the Front Street crossing and noted that this location matched the GPS information depicted in the LocoCAM overlay. He noted that the LocoCAM software could not be altered to make it depict one location versus another. Peterson further testified that, by watching the video, listening to when the "emergency occurs," and watching how long it takes for the locomotive to come to rest, he determined that the time is roughly eighty-one or eighty-two seconds, which is what is depicted in the locomotive event recorder data. Peterson watched the video and testified concerning the various speeds indicated throughout the video. He also testified concerning the application of the whistle of the front locomotive, which is audible on the video tape and again noted the eighty-two seconds that elapsed between that sound and the accident. Appellants have not challenged the admissibility of Peterson's testimony on appeal.

6

Thus, based on our review of the record, we hold that even assuming the evidence at issue was improperly admitted, the error is harmless because evidence pertaining to the same information was properly introduced from another source. Appellants' second issue is overruled.

## DISPOSITION

Having overruled Appellants' first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered September 15, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)