COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SEARS, ROEBUCK & CO. D/B/A
SEARS HEATING AND AIR
CONDITIONING, AND D/FW HOME
IMPROVEMENT SPECIALISTS, INC. 
D/B/A HOME IMPROVEMENT
SPECIALISTS, INC., AND RANDY
SPRINKLE D/B/A TEXAS AIR
CONDITIONING & PLUMBING,

                            Appellants,

v.

STEVEN ABELL AND PEGGY
ABELL,

                            Appellees.

§

§

§

§

§

§

§

§




No. 08-03-000031-CV

Appeal from the

County Court at Law No. 5

of Dallas County, Texas

(TC# 98-10601-E)




O P I N I O N

           This is an appeal from the entry of a judgment against all Appellants after a jury trial. 
The original proceeding was tried upon allegations of negligence, negligence per se, and
violations of the Texas Deceptive Trade Practices Act. Cross-claims filed by the various
defendants were also tried. The trial court’s judgment entered a finding in favor of Appellees
against Appellant Sears, in favor of Sears against Appellant D/FW, and in favor of D/FW
against Appellant Randy Sprinkle. Each Appellant appeals asserting separate issues of error. 
For the reasons stated, we affirm the judgment of the trial court.
I. PROCEDURAL AND FACTUAL HISTORY
           Appellees purchased a heating unit from Appellant Sears in September of 1997. 
Included in the purchase of the unit was the installation costs. Appellant Sears had an
existing contract with Appellant D/FW which provided that D/FW was to install the unit in
the Abell home as an authorized Sears contractor. Appellant D/FW, without permission from
Sears, had contracted with Randy Sprinkle d/b/a Texas Air Conditioning and Plumbing, to
install the heating unit. The heating unit was installed in the Abell home on September 10,
1997. On the morning of November 17, 1997, the heating unit caught fire causing significant
damage to the Abells’ home and personal property.
           A subsequent investigation by the City of Arlington and the fire arson investigator
revealed that the heating unit had not been installed correctly and that none of the Appellants
had obtained the necessary permits from the City of Arlington. The determination of the fire
arson investigator and the electrical inspector was that the cause of the fire was the use of
faulty connections to install the heating unit.
           Appellees filed their Original Petition against Appellants Sears and D/FW on October
27, 1998. Appellees filed numerous amended petitions and ultimately sued all Appellants
under theories of negligence and for violation of the Texas Deceptive Trade Practices Act.



Each Appellant filed cross-claims against all the other Appellants for contribution and
indemnity as well as for breach of contract claims.


 After a trial to a jury, the trial court
entered a judgment awarding damages in favor of the Appellees. Appellees elected to
recover damages from Sears. The judgment reflected that decision and also entered a
judgment in favor of Sears against D/FW and in favor of D/FW against Randy Sprinkle.
           Appellant Sears appeals complaining of error in the charge submitted to the jury in
one issue with two sub-arguments. Appellant D/FW asserts error was committed by the trial
court in three issues. Appellant Randy Sprinkle asserts error was committed by the trial court
in four issues.
II. DISCUSSION
A. Appellant Sears’ Issue No. One
           Appellant Sears, in its sole issue, asserts that the trial court committed error by failing
to submit a question on the proportionate responsibility of its co-defendants under Texas
Business and Commerce Code Section17.555. Sears argues that the trial court was obligated
to submit a specific question to the jury regarding the liability of Appellants D/FW and
Sprinkle under the Texas Deceptive Trade Practices Act inquiring about the proportionate
responsibility of each. The threshold determination to be made before reaching this issue,
however, is whether the matter was properly preserved for review.
           To preserve error in the charge in a civil matter, the objecting party must distinctly
designate the error and the grounds for the objection. See Tex. R. App. P. 33.1(a); Tex. R. 
Civ. P. 272; Keetch v. Kroger Co., 845 S.W.2d 262, 267 (Tex. 1992).
           In order to preserve charge error, appellant must comply with Texas Rules of Civil
Procedure Rules 271-79. If the error is the omission of an instruction relied on by the
requesting party, three steps are required by the Rules to preserve error: a proper instruction
must be tendered in writing and requested prior to submission; a specific objection must be
made to the omission of the instruction; and the court must make a ruling. Wright Way
Const. Co., Inc. v. Harlingen Mall Co., 799 S.W.2d 415, 418 (Tex. App.--Corpus Christi
1990, writ denied). Texas Courts have repeatedly held that an objection and a proper request
are required to preserve charge error if the trial court omits a question, definition, or
instruction relied on by the requesting party. See, e.g., National Fire Ins. v. Valero Energy
Corp., 777 S.W.2d 501, 508 (Tex. App.--Corpus Christi 1989, writ denied); Texas Cookie
Co. v. Hendricks & Peralta, Inc., 747 S.W.2d 873, 878 (Tex. App.--Corpus Christi 1988, writ
denied); Donnelley Marketing v. Lionel Sosa, Inc., 716 S.W.2d 598, 602 (Tex. App.--Corpus
Christi 1986, no writ). See also Texas Power & Light Co. v. Barnhill, 639 S.W.2d 331, 334
(Tex. App.--Texarkana 1982, writ ref’d n.r.e.). The Texas Supreme Court has interpreted the
rules in this manner for at least thirty-five years. Yellow Cab & Baggage Co. v. Green, 154
Tex. 330, 277 S.W.2d 92, 93 (1955). One reason why both are required is found in the
language of Rule 274 which states in part: “A party objecting to a charge must point out
distinctly the objectionable matter and the grounds of the objection. Any complaint as to a[n]
. . . instruction, on account of any . . . omission . . . is waived unless specifically included in
the objections.” Rule 272 also states a specific objection is required to preserve error. Rule
278 creates a limited exception if the question is relied on by the opposing party. See Wright
Way Const. Co., 799 S.W.2d at 418-19.
           The second reason why both a specific objection and a request is required in this
situation is to protect the trial court from committing reversible error during the charge
hearing. Historically, charge error has been a serious problem in Texas. See, e.g., Lemos v.
Montez, 680 S.W.2d 798, 801 (Tex. 1984) (discussing problems prior to broad submission).
The purpose of a Rule 274 objection is to require the attorneys to bring to the court’s
attention the error in the charge, and thereby eliminate the potential for reversal caused by
charge error. Rule 278 requires that the requested instruction be tendered in writing prior to
submission. This rule indicates that a specific objection is not required where a question is
relied upon by the opposing party. In this case, the requested question was relied on by the
requesting party, thus an objection and a request for submission was required to preserve
error. Yellow Cab & Baggage Co., 277 S.W.2d at 93; Tex. R. Civ. P. 274. A ruling is also
required to preserve error. See Acord v. General Motors Corp., 669 S.W.2d 111, 114 (Tex.
1984); Tex. R. Civ. P. 272, 276; Tex. R. App. P. 52(a) (now Tex. R. App. P. 33.1). To
summarize, if the trial court refuses to instruct or tender a question on an issue relied upon
by the requesting party, to preserve error the party must object, tender and request, and obtain
a ruling. Wright Way Const. Co., Inc., 799 S.W.2d at 419.
           Rule 274 sets forth a rigorous standard for sufficiency of charge objections: party
objecting to a charge must point out distinctly the objectionable matter and the grounds for
the objection. Any complaint as to a question, definition, or instruction on account of any
defect, omission, or fault in pleading is waived unless specifically included in the objections.
When the complaining party’s objection, or requested question, definition, or instruction is,
in the opinion of the appellate court, obscured or concealed by voluminous unfounded
objections, minute differentiations or numerous unnecessary requests, such objection or
request shall be untenable. No objection to one part of the charge may be adopted and
applied to any other part of the charge by reference only. Id.
           This Rule creates a two pronged test: objections to the charge must specify the error
and the legal basis of the objection. Castleberry v. Branscum, 721 S.W.2d 270, 276-77 (Tex.
1986). Rule 274 is strictly construed. For example, in Castleberry, the objection that the
instructions might “confuse the jury” or “prejudice the defendant” was held too general
because it did not explain why the instruction was defective or how it would confuse the jury
or prejudice the defendant. Wright Way Const. Co., Inc., 799 S.W.2d at 420. Our next step
is to determine if a substantially correct instruction was properly tendered in writing and
requested prior to submission and separate and apart from the objections, Greenstein, Logan
& Co. v. Burgess Mktg Inc., 744 S.W.2d 170, 182 (Tex. App.--Waco 1987, writ denied); see
also Valero, 777 S.W.2d at 507; Tex. R. Civ. P. 272, 277, 278. Our first inquiry in this case
is whether Appellant Sears tendered the appropriate question in substantially correct form.
See Wright Way Const. Co., Inc., 799 S.W.2d at 421; Tex. R. Civ. P. 278.
           Sears complains on appeal that a question regarding the proportionate responsibility
of the co-defendants was not included in the final jury charge. Appellant Sears did not
submit the question about which it is presently complaining in substantially correct form. 
The question was not included in the proposed charge prepared by Sears nor was it ever
addressed by the trial court. Appellant Sears did not object to its lack of inclusion in the
charge nor did it obtain a ruling. While Sears did submit a question in its proposed charge
inquiring of the jury whether co-defendants D/FW and Sprinkle were liable under the
Deceptive Trade Practices Act, the question which Sears now contends was critical, the
question on proportionate responsibility, was not included.
           The proper method of complaining of the omission of a party’s own questions--those
on which he relies--is by requesting the submission of such questions in substantially correct
wording. Accordingly, to avoid waiver as to an independent ground of recovery, the plaintiff
must tender questions thereon in substantially correct form. 34 G. Hodges & R. Guy, The
Jury Charge in Texas Civil Litigation, § 152 (Texas Practice 1988). J & C Drilling Co.
v. Salaiz, 866 S.W.2d 632, 636 (Tex. App.--San Antonio 1993, no writ). Appellant Sears
neither made a proper request for the submission of a jury question on proportionate
responsibility of the co-defendants nor objected to the absence of a proportionate
responsibility question. Any complaint regarding that question was, therefore, waived by
Sears’ failure to submit a question and to object to the charge as given. See Tubb v. Bartlett,
862 S.W.2d 740, 746 (Tex. App.--El Paso 1993, writ denied); Southwestern Bell Tel. Co. v.
DeLanney, 809 S.W.2d 493, 495 (Tex. 1991); Pope v. Darcey, 667 S.W.2d 270, 274 (Tex.
App.--Houston [14th Dist.] 1984, writ ref’d n.r.e.); Tex. R. Civ. P. 273, 274, 279; Tex. R.
App. P. 52(a) (now Tex. R. App. P. 33.1).
           A trial court need not submit a requested question on a defensive issue unless it is
supported by the pleadings, Burditt v. Sisk, 710 S.W.2d 114, 117 (Tex. App.--Corpus Christi
1986, no writ), and is in substantially correct form. Tubb, 862 S.W.2d at 747; State Farm
Fire & Casualty Co. v. Miller, 713 S.W.2d 700, 703 (Tex. App.--Dallas 1986, writ ref’d
n.r.e.). We do not reach whether the allegedly missing question was supported by the
pleadings or whether Sears’ objections preserved the matter for appellate review because the
question was not submitted in substantially correct form. Consequently, Appellant Sears did
not preserve error for review by this Court. Appellant Sears’ Issue No. One is overruled.
B. D/FW’s Issues on Appeal
           D/FW presents three issues for review by this Court. Issue No. One complains of the
trial court’s entry of a judgment against D/FW and asserts that no evidence exists in the record
to support a finding of damages suffered by Sears or that a breach of contract occurred. Issue
No. One also contains the alternative assertion that insufficient evidence existed to support
the judgment in favor of Sears. Issue No. Two complains of the award of attorney’s fees
incidental to the entry of the judgment, and Issue No. Three, similarly, complains of the award
of prejudgment interest on the award.
           In the case below, Sears, as cross-plaintiff, filed cross-claims against D/FW as cross-defendant claiming an entitlement to contribution and indemnity from D/FW under theories
of negligence, under the Deceptive Trade Practices Act, under the terms of the contract, and
under the common law. Sears also sued for breach of contract. After a jury trial, the trial
court entered judgment in favor of Sears against D/FW from which D/FW appeals.
           D/FW presents a novel theory to this Court--it urges that because Sears was not
obligated to pay any money in damages to Appellees, the Abells, until such time as the jury
returned its verdict, there was no evidence of damage to Sears during the trial of the case,
therefore, the trial court committed error by entering a judgment against D/FW because no
evidence existed to support a finding of damages suffered by Sears. In essence, D/FW
suggests that, at a minium, concurrent trials resolving contingent cross-claims may not be held
because, literally, no cross-liability exists until after the trial on the merits has occurred and;
therefore, no damages on cross-claims may be awarded in any trial on the underlying claim. 
D/FW’s argument would result in the immediate requirement for duplicate trials on all cross-claims filed around the state with the consequential potential for inconsistent results and a
complete loss of any hope of judicial economy in the resolution of claims. Such a position
is not supported by any case law cited by D/FW or found by this Court. In light of the
circuitous argument presented by D/FW, we feel compelled to address the underlying question
presented by its issues on appeal: whether no evidence of culpability may exist until a verdict
is reached by a jury on the underlying case.
           The normal standard of review for a “no evidence” or legal insufficiency point is a
question of law which challenges the legal sufficiency of the evidence to support a particular
fact finding. There are two separate “no evidence” claims. When the party having the burden
of proof suffers an unfavorable finding,


 the point of error challenging the legal sufficiency
of the evidence should be that the fact or issue was established as “a matter of law.” When
the party without the burden of proof suffers an unfavorable finding, the challenge on appeal
is one of “no evidence to support the finding.” In re Estate of Livingston, 999 S.W.2d 874,
879 (Tex. App.--El Paso 1999, no pet.); see Creative Manufacturing, Inc. v. Unik, Inc., 726
S.W.2d 207, 210 (Tex. App.--Fort Worth 1987, writ ref’d n.r.e.).
           When attacking the legal sufficiency of the evidence to support an adverse finding on
an issue for which he had the burden of proof, i.e., challenging the trial court’s finding as a
matter of law, the appellant must demonstrate on appeal that the evidence conclusively
established all the vital facts in support of the issue. In re Estate of Livingston, 999 S.W.2d
at 879; Sterner v. Marathon Oil Company, 767 S.W.2d 686, 690 (Tex. 1989); Kratz v. Exxon
Corp., 890 S.W.2d 899, 902 (Tex. App.--El Paso 1994, no writ); Chandler v. Chandler, 842
S.W.2d 829, 832 (Tex. App.--El Paso 1992, writ denied). A party attempting to overcome an
adverse fact finding as a matter of law must surmount two hurdles. In re Estate of Livingston,
999 S.W.2d at 879; Sterner, 767 S.W.2d at 690. First, the record must be examined for
evidence that supports the finding, while ignoring all evidence to the contrary. In re Estate
of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. 
Second, if there is no evidence to support the finding, then the entire record must be examined
to see if the contrary proposition is established as a matter of law. In re Estate of Livingston,
999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. Only if the
contrary position is conclusively established will the point of error be sustained. In re Estate
of Livingston, 999 S.W.2d at 879-80; Kratz, 890 S.W.2d at 902; Chandler, 842 S.W.2d at
832.
           In reviewing a factual sufficiency point of error, the appeals court must weigh all of
the evidence in the record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). Findings of fact
may be overturned only if they are so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. Id. In that event, the appeals court must state
clearly why the finding is factually insufficient or so against the great weight and
preponderance as to be manifestly unjust. Id.
           An “insufficiency” point invokes a broader standard, requiring this Court to consider
all of the evidence and ascertain whether the evidence supporting the finding is so weak, or
the evidence to the contrary so overwhelming, that the finding should be set aside and a new
trial ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).
           In this case, Appellant D/FW urges that the appellate court should disregard all the
evidence contained in the record that establishes culpable conduct on the part of D/FW and
only look to the record from the moment that the jury returns the verdict. Under its theory,
liability on the part of the cross-defendant can never be determined without the need for a
separate trial.
           Not surprisingly, we have found no cases that discuss this theory from either
perspective. We recognize that the Texas judicial system would be sorely abused by the
theory proposed by Appellant D/FW and decline to follow that path.
           Further, looking to the record as a whole, we believe that there is sufficient evidence
to support a judgment against D/FW under the pleadings filed by Sears. The facts leading up
to the fire in the Abell home are clearly established by the evidence. The damage caused to
the Abell home is not disputed. The role that each defendant played in the underlying
contractual relationship is not disputed. What remained to be resolved was the actual
responsibility on the part of each defendant below and the dollar amount of the damages. We
hold that the record contains ample evidence to support the judgment entered against D/FW
in favor of Sears. We also note that D/FW did not complain on appeal about any of the
questions submitted to the jury nor did D/FW ever urge that a separate trial on damages
should be held. Further, the pleadings filed by Sears support the judgment as entered and we
also note that D/FW did not specially except to the pleadings and at no time complained about
the lack of specifically plead damages in the Sears’ cross-claim. For the reasons stated, we
overrule Appellant D/FW’s Issue No. One.
           Issue Nos. Two and Three relate to the underlying determination that a judgment
against Appellant D/FW was proper. D/FW asserts that neither attorney’s fees nor
prejudgment interest should be awarded against it incidental to the judgment entered by the
trial court.
           The jury awarded Appellant Sears $60,000 in attorney’s fees against D/FW and the
trial court entered a judgment reflecting the finding and included an award of prejudgment
interest. In this case, Appellant D/FW does not argue that evidence to support the award of
attorney’s fees did not exist. D/FW only asserts that because the underlying award was not
proper under its theory of no damages until the verdict, there can be no award for attorney’s
fees. The jury finding awarding attorney's fees was clearly supported by the evidence. The
jury found that Sears was entitled to recover damages from D/FW and determined the amount
to be awarded for attorney’s fees. The trial court properly followed their determination as fact
finders below and awarded attorney’s fees to a prevailing party. See Tex. Civ. Prac. & Rem.
Code Ann. § 38.001(8) (Vernon 1997).
           To recover attorney’s fees under Section 38.001, a party must (1) prevail on a cause
of action for which attorney’s fees are recoverable, and (2) recover damages. State Farm Life
Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex. 1995). Sears met that standard, therefore, we
overrule D/FW’s Issue No. Two.
           Similarly, Appellant’s minimally briefed claim regarding the award of prejudgment
interest must fail. Prejudgment interest is an appropriate element of damages for a prevailing
party. Sears as judgment debtor to the Abells is obligated to pay prejudgment interest on the
damages claim awarded to them. In order to compensate Sears as cross-plaintiff, it should be
entitled to recover prejudgment interest from the judgment debtor D/FW. Appellant cites no
cases for its proposition that prejudgment interest should not be awarded. The only case cited
in Appellant’s brief, Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549 (Tex. 1985)
is the Supreme Court case establishing prejudgment interest is an appropriate element of
damages. In its reply brief, Appellant cites two cases which expand the principal that
prejudgment interest is a proper element of damages in a judgment. It cites no cases in
support of its theory that damages do not exist until the moment of the verdict. In fact,
prejudgment interest was awarded on the portion of the judgment paid to the Abells by Sears,
therefore, Sears is entitled to recover the same types of damages from D/FW.
           Further, because the issue is not properly briefed or argued, the point is not preserved
for appeal. When a party fails to include any citation of authority or discussion of relevant
facts to support its contention, “we will not perform an independent review of the record and
applicable law to determine whether the error complained of occurred.” Happy Harbor
Methodist Home, Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex. App.--Houston [1st Dist.] 1995,
no writ). Thus, we consider appellant’s challenge regarding the court’s award of prejudgment
interest to be waived. See, e.g., Rendleman v. Clarke, 909 S.W.2d 56, 59 (Tex. 
App.--Houston [14th Dist.] 1995, writ dism’d as moot). Issue No. Three is overruled.
C. Randy Sprinkle’s Issues on Appeal
           Appellant Randy Sprinkle appeals from the judgment entered against it awarding
damages to D/FW in the amount of $85,000 plus prejudgment interest on the various cross-claims filed by D/FW. Appellant Sprinkle presents four issues for review for consideration
by this Court. Issue Nos. One, Two, and Three complain about the trial court’s entry of
judgment based upon the allegations related to the underlying contract between D/FW and
Sprinkle. Issue No. One does not state a clear complaint regarding the trial court’s actions,
but we read it as a contention that it was error to admit the incomplete copy of the contract and
that the admission of the contract was harmful to Sprinkle. Issue No. Two complains that
because the admission of the incomplete contract was improper, there is no factually sufficient
evidence in the record to support the jury’s verdict of a breach of contract between Sprinkle
and D/FW. In Issue No. Three, Sprinkle argues that the trial court committed error by
submitting a question to the jury regarding the breach of the contract by Sprinkle and further
argues that the trial court committed error by instructing the jury on the measure of damages. 
Issue No. Four complains of the fact that liability insurance was interjected into the trial and
that the prejudicial effect of such interjection and the trial court’s denying of Sprinkle’s
motion for mistrial was error.
           The standard of review for review of the trial court’s admission of evidence is abuse
of discretion. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998);
City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); Tracy v. Annie’s Attic Inc.,
840 S.W.2d 527, 531 (Tex. App.--Tyler 1992, writ denied). To obtain reversal of a judgment
based on error in the admission or exclusion of evidence, an appellant must show that the trial
court’s ruling was in error and that the error was calculated to cause and probably did cause
“the rendition of an improper judgment.” Tex. R. App. P. 44.1; Owens-Corning Fiberglas
Corp., 972 S.W.2d at 43; Alvarado, 897 S.W.2d at 753; Boothe v. Hausler, 766 S.W.2d 788,
789 (Tex. 1989); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989); W. Tex.
Gathering Co. v. Exxon Corp., 837 S.W.2d 764, 775 (Tex. App.--El Paso 1992, writ granted),
rev’d on other grounds, 868 S.W.2d 299 (Tex. 1993). The Supreme Court has recognized the
impossibility of prescribing a specific test for determining whether the erroneous admission
or exclusion of evidence was reasonably calculated to cause and probably did cause the
rendition of an improper judgment. McCraw v. Maris, 828 S.W.2d 756, 757 (Tex. 1992);
Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 821 (Tex. 1980).
           However, the complaining party is not required to prove that “but for” the error, a
different judgment would necessarily have resulted. McCraw, 828 S.W.2d at 758; Tex. Power
& Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191, 192 (1949). Instead, the complaining
party must only show that the error “probably” resulted in an improper judgment. McCraw,
828 S.W.2d at 758; King v. Skelly, 452 S.W.2d 691, 696 (Tex. 1970); Cecil v. T.M.E. Invs.,
Inc., 893 S.W.2d 38, 45 (Tex. App.--Corpus Christi 1994, no writ); LSR Joint Venture No. 2
v. Callewart, 837 S.W.2d 693, 699 (Tex. App.--Dallas 1992, writ denied). In making this
determination, the appellate court must review the entire record. Interstate Northborough
P'ship v. State, 66 S.W.3d 213, 220 (Tex. 2001); Alvarado, 897 S.W.2d at 754; McCraw, 828
S.W.2d at 758 (citing Gee, 765 S.W.2d at 396 and Lorusso, 603 S.W.2d at 821); Jamail v.
Anchor Mortgage Servs., Inc., 809 S.W.2d 221, 223 (Tex. 1991) (per curiam). Reversible
error does not usually occur in connection with rulings on questions of evidence, unless the
appellant can demonstrate that the whole case turns on the particular evidence admitted or
excluded. Interstate Northborough P'ship, 66 S.W.3d at 220; W. Tex. Gathering Co., 837
S.W.2d at 775; Shenandoah Assocs. v. J & K Props., Inc.,741 S.W.2d 470, 493 (Tex. App.--Dallas 1987, writ denied); Texaco, Inc. v. Pennzoil, Co., 729 S.W.2d 768, 837 (Tex. App.--Houston [1st Dist.] 1987, writ ref’d n.r.e.); Atl. Mut. Ins. Co. v. Middleman, 661 S.W.2d 182,
185 (Tex. App.--San Antonio 1983, writ ref’d n.r.e.). Furthermore, error in the improper
admission of evidence is usually deemed harmless if the objecting party “opens the door” by
introducing the same evidence or evidence of a similar character, Southwestern Elec. Power
Co. v. Burlington N. R.R. Co., 966 S.W.2d 467, 473 (Tex. 1998) (quoting McInnes v. Yamaha
Motor Co., 673 S.W.2d 185, 188 (Tex. 1984)) subsequently permits the same or similar
evidence to be introduced without objection, Richardson v. Green, 677 S.W.2d 497, 501 (Tex.
1984); Shenandoah, 741 S.W.2d at 494 or if the evidence is merely cumulative of properly
admitted evidence. Jamail, 809 S.W.2d at 223; McInnes, 673 S.W.2d at 188; City of Austin
v. Houston Lighting & Power Co., 844 S.W.2d 773, 791 (Tex. App.--Dallas 1992, writ
denied).
           In the case at bar, Appellant Sprinkle contends that the contract between D/FW and
Sprinkle was improperly admitted into evidence because the copy that was available was
incomplete; the document did not include copies of two appendices which should have been
attached. There is no dispute among the parties that D/FW and Sprinkle had entered into a
contract for performance of the installation of the heating unit in the Abell home, there is no
dispute that Sprinkle and his employees installed the heater pursuant to that agreement, and
there is no dispute that Sprinkle received compensation for the installation under that
agreement. Sprinkle appears to contend that because the actual paper document evidencing
the agreement is incomplete, he and his company are automatically protected from any
responsibility under that agreement.
           Sprinkle’s argument actually encompasses two concepts, first, that the admission of
the incomplete document is improper and, secondly, that because the complete document does
not appear to exist, Sprinkle is excused from any consequences as a result of Sprinkle’s failure
or non-performance under the agreement. We note that both parties had equal access to the
agreement and both parties could have or should have retained copies of the complete
agreement. The fact that a portion of a contract, which each party agrees existed, was
performed, and under which compensation was paid, was lost or destroyed, should not create
a shield for responsibility for negligent performance under said agreement.
           We hold that the admission of the contract document was within the discretion of the
trial court and was not improper especially in light of the fact that the substance of the
contract was not disputed. Further, the mere fact of the missing appendices should not be a
bar to recovery under an agreement particularly where complete performance occurred. We
overrule Appellant Sprinkle’s Issue No. One.
           Issue No. Two complains that because the underlying contract was improperly
admitted, there is no evidence of a contract before the jury and; therefore, there is insufficient
evidence to support the jury’s verdict of a breach of that agreement. There is no dispute
among the parties that Randy Sprinkle’s employees went to the Abell home on September 10,
1997 and installed a heating unit sold by Sears to Mr. and Mrs. Abell. The Sprinkle
employees went to the home pursuant to an agreement that Sprinkle had with D/FW. D/FW
subcontracted the installation of the heating unit with Sprinkle pursuant to its agreement with
Sears. On the morning of November 17, 1997, the heating unit caught fire and burned the
Abell home.
           The evidence before the jury establishes that the Sprinkle employees did not obtain the
appropriate permits from the City of Arlington nor did they request or obtain a City inspection
of the installation. Further, the evidence clearly established that the installation was defective
because of the type of wiring which existed in the Abell home and the type of wiring that the
heating unit contained. Ample evidence existed to support the jury’s finding that the manner
in which the heating unit was installed was defective and that the improper installation of the
unit was negligent and a breach of the contract that Sprinkle had entered into with D/FW.
           As stated previously in this opinion, the standard of review for an insufficiency of the
evidence issue only requires a reversal in the event that after considering all the evidence as
a whole, the evidence supporting the finding is so weak, or the evidence to the contrary so
overwhelming, that the finding should be set aside and a new trial ordered. See Garza, 395
S.W.2d at 823. Here, such is not the case. We overrule Sprinkle’s Issue No. Two.
           Issue No. Three complains of the improper submission of a question to the jury and the
court’s inclusion of an instruction to the jury regarding the measure of damages to be
awarded. A review of the clerk’s record does not include a proposed charge submitted to the
court on behalf of Appellant Randy Sprinkle. As stated previously in response to Appellant
Sears’ Issue No. One, to preserve error in the charge in a civil matter, the requested
instructions and questions must be submitted in substantially correct form and objections must
be made and ruled upon. Any complaint regarding that question was, therefore, waived by
Sprinkle’s failure to submit a question and to object to the charge as given. See Tubb, 862
S.W.2d at 746; Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 495 (Tex. 1991);
Pope v. Darcey, 667 S.W.2d 270, 274 (Tex. App.--Houston [14th Dist.] 1984, writ ref’d
n.r.e.); Tex. R. Civ. P. 273, 274, 279; Tex. R. App. P. 52(a) (now Tex. R. App. P. 33.1). We
overrule Sprinkle’s Issue No. Three.
           Appellant Sprinkle’s Issue No. Four addresses the question of the harm caused by the
injection of insurance into the case in chief by the testimony of the witness from one co-defendant. The subject of insurance was addressed in the motions in limine filed by the
parties. A review of the record reflects that John Green, D/FW’s owner made reference to
insurance on more than one occasion. Sears and Sprinkle both moved for a mistrial during
the charge conference. Assuming, without finding that Appellant Sprinkle’s objections to the
mention of insurance properly preserved the issue for review, appellant still must show that
the injection of insurance resulted in the rendition of an improper verdict. The trial court’s
error will only require a reversal if it amounted to such a denial of appellant’s rights as was
reasonably calculated to cause and probably did cause the rendition of an improper judgment.
Beall v. Ditmore, 867 S.W.2d 791, 795 (Tex. App.--El Paso 1993, writ denied); St. Louis
Southwestern Ry. Co. v. Gregory, 387 S.W.2d 27, 33 (Tex. 1965); Pride Transp. Co., Inc. v.
Hughes, 591 S.W.2d 631, 634 (Tex. Civ. App.--Eastland 1979, writ ref’d n.r.e.); Tex. R. App.
P. 81(b) (now Tex. R. App. P. 44.1). The mere mention of insurance during trial before a jury,
though erroneous, does not result in an automatic mistrial or reversal. Beall, 867 S.W.2d at
795; Gregory, 387 S.W.2d at 33; Pride, 591 S.W.2d at 634; Tex. R. Evid. 411.
           Appellant must show that the inclusion of the reference to insurance probably did cause
the rendition of an improper verdict as to Randy Sprinkle. A review of the record establishes
that the party most culpable for the incident was in fact Randy Sprinkle. But for the faulty
installation of the heating unit in question, the fire would not have occurred and the damages
would not have existed. We hold, therefore, that the injection of insurance did not cause the
rendition of an improper verdict. See Beall, 867 S.W.2d at 795. Appellant Sprinkle’s Issue
No. Four is overruled.
           Having overruled all Appellants’ issues on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice
February 10, 2005
 
Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.
Larsen, J., not participating