NO









NO. 12-08-00423-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

FINIS HENRY, INDIVIDUALLY
AND

AS ADMINISTRATOR OF THE
ESTATE

OF WANDA JO [SHEPPARD]
HENRY,        '     APPEAL
FROM THE 4TH

DECEASED AND BRIDGET HENRY,

INDIVIDUALLY,

APPELLANTS

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

BURLINGTON NORTHERN SANTA
FE

CORPORATION, BNSF RAILWAY

COMPANY, STEVE MCMAHON,                   '     RUSK
COUNTY, TEXAS

UNION PACIFIC CORPORATION,

AND UNION PACIFIC COMPANY,

APPELLEES

 





MEMORANDUM
OPINION

            Finis
Henry, individually and as administrator of the estate of Wanda Jo [Sheppard]
Henry, deceased, and Bridget Henry, individually (collectively “Appellants”)
appeal the take nothing judgment entered against them in their wrongful death
suit against Burlington Northern Santa Fe Corporation, BNSF Railway Company,
Steve McMahon, Union Pacific Corporation, and Union Pacific Company
(collectively “Appellees”).  In two issues, Appellants argue that the trial
court (1) erroneously instructed the jury on negligence per se and (2) improperly
admitted into evidence a video containing an unauthenticated “LocoCAM” software
overlay.  We affirm.

 

Background

            On
September 12, 2006, Wanda Jo [Sheppard] Henry was killed while she attempted to
drive across railroad tracks owned by Union Pacific Company at a railroad
crossing.  The crossing was marked and preceded by a stop sign.  As Wanda Jo
crossed the tracks, her vehicle was struck by a train operated by Engineer
Steve McMahon and owned by BNSF Railway Company.  

Finis
Henry, Wanda Jo’s husband, and Bridget Henry, her daughter, sued Appellees for
wrongful death and negligence.  The matter proceeded to a jury trial. 
Ultimately, the jury found that Wanda Jo was one hundred percent negligent and
that Appellees were not liable for her death.  The trial court entered a final
judgment that Appellants take nothing, and this appeal followed.

 

Charge Instructions

            In
their first issue, Appellants argue that the trial court erred in submitting
charge instructions related to Texas Transportation Code sections 545.151(b)(1)
and 545.251(a) to the extent that the instructions contained a reference to
negligence per se.  Specifically, Appellants contend that an instruction on
negligence per se is improper where the instruction sets forth conditional
duties.  The trial court’s instruction to the jury in its charge stated, in
pertinent part, as follows:

 

The law requires the operator of a vehicle approaching
a railroad grade crossing to stop not closer than 15 feet or farther than 50
feet from the nearest rail if:  (1) a clearly visible railroad signal warns of
the approach of a railroad train; (2) a crossing gate is lowered, or a flagger
warns of the approach or passage of a train; (3) a railroad engine approaching
within approximately 1,500 feet of the highway crossing emits a signal audible
from that distance and the engine is an immediate hazard because of its speed
or proximity to the crossing; (4) an approaching railroad train is plainly
visible to the operator and is in hazardous proximity to the crossing; or (5)
the operator is required to stop by:  (A) other law; (B) a rule adopted under a
statute; (C) an official traffic-control device; or (D) a traffic-control
signal.  An operator of a vehicle required under the law to stop shall remain
stopped until permitted to proceed and it is safe to proceed.  An operator of a
vehicle who approaches a railroad grade crossing equipped with railroad
crossbuck signs without automatic, electric, or mechanical signal devices,
crossing gates, or a flagger warning of the approach or passage of a train
shall yield the right-of-way to a train in hazardous proximity to the crossing,
and proceed at a speed that is reasonable for the existing conditions.  If
required for safety, the operator shall stop at a clearly marked stop line before
the grade crossing or, if no stop line exists, not closer than 15 feet or
farther than 50 feet from the nearest rail.

                An operator approaching an
intersection shall stop, yield, and grant immediate use of the intersection in
obedience to an official traffic-control device, including a stop sign.  A
failure to comply with this law is negligence in itself.

 

  

            To preserve error in the charge in a civil
matter, the objecting party must distinctly designate the error and the grounds
for the objection. See Tex. R. App. P.
33.1(a); Tex. R. Civ. P. 272, 274;
Sears, Roebuck & Co. v. Abell, 157 S.W.3d 886, 891 (Tex. App.–El
Paso 2005, pet. denied) (citing Keetch v. Kroger Co., 845 S.W.2d
262, 267 (Tex. 1992)) (to preserve charge error, appellant must comply with
Texas Rules of Civil Procedure Rules 271 through 279).  Any complaint pertaining
to an instruction is waived unless specifically included in the objections.  Abell,
157 S.W.3d at 891; see also Tex.
R. Civ. P. 272.

            Historically, charge error has been a serious
problem in Texas.  See, e.g., Lemos v. Montez, 680 S.W.2d
798, 801 (Tex. 1984) (discussing problems prior to broad submission).  A specific
objection and a request serves to protect the trial court from committing
reversible error during the charge hearing.  See Abell,
157 S.W.3d at 892.    

In sum, a party objecting to a charge must point out
distinctly the objectionable matter and the grounds of the objection.  See Ford
Motor Co. v. Ledesma, 242 S.W.3d 32, 43 (Tex. 2007) (quoting Tex. R. Civ. P. 274).  Objections to
the charge and requests for instructions must comport with the arguments made
on appeal.  See Isaacs v. Bishop, 249 S.W.3d 100, 113 n.13 (Tex. App.–Texarkana
2008, pet. denied); Coke v. Coke, 802 S.W.2d 270, 275 (Tex. App.–Dallas
1990, writ denied).  In the absence of an objection at trial that matches the
complaint on appeal, nothing has been preserved for our review. Isaacs,
249 S.W.3d at 113 n.13 (citing Tex. R.
App. P. 33.1).

In the case at hand, during the charge conference,
Appellants made specific objections to three portions of the aforementioned
instructions.  Specifically, Appellants objected as follows:

 

The second issue we would like to talk about, Judge,
is the instructions section in regard to the third paragraph, the Transportation
Code.  The one in the Court’s Charge indicates the Transportation Code requires
all vehicle operators to stop not closer than 15 feet or further than 50 feet
from the nearest rail of the railroad, and then proceed only with due care. 
It’s the plaintiff’s position in this case that that language, “To proceed only
with due care,” is a conditional duty.  According to the Texas Supreme Court,
when a statute has a conditional duty in it, it’s improper to have it in the
Charge under an instruction, and we would object on that matter, Judge.   We
would also object that it’s only a partial part of the statute that is taken
there.  

 

….

 

                The next matter starts on that same
page, Judge, at the bottom, along the lines of the previous objection, about
the statute having the conditional duty in it.  Specifically, if we read the
statute where it starts, “The law requires” on that page, and then it goes on
to the next page.  It specifically says, “An operator of a vehicle, required
under the law to stop, shall remain stopped until permitted to proceed and it
is safe to proceed.”  That language there is a conditional duty imparted by the
statute onto the motorist.  And under the Texas Supreme Court case, if it’s a
conditional duty in the statute, it’s improper to have it as an instruction in
a jury charge, and we would object to it on that matter.

 

….

 

                The next objection is the very next
paragraph,[1]
Judge.  It talks about - - again, it’s the same statute again.  And this time,
it’s just a portion of the statute.  And it says, “The law requires the
operator of the vehicle to stop not closer than 15 feet or farther than 50 feet
from the nearest rail of the railroad, and then requires the operator to
proceed only with due care.”  Again, we believe that is violative of the Texas
Supreme Court in regards [sic] to conditional duty, and we would also point out
that it’s just a partial portion of the statute, and it’s duplicative of the
previous two paragraphs, Judge.

 

The
crux of Appellants’ first issue is that a negligence per se instruction is not
proper where the statute contains conditional duties.[2] 
However, in their objections to the court’s charge, Appellants make no
reference to negligence per se.  Rather, Appellants only object that certain
portions of the instruction contained conditional duties.  

Moreover,
the portions of the instructions to which Appellants objected are each
contained in the first of two paragraphs comprising the instructions.  Nowhere
in that paragraph does the trial court make reference to “negligence per se.” 
The second paragraph does, in fact, contain a reference to “negligence in
itself.”  However, this paragraph sets forth no conditional duties.  Further,
it bears mention that the two paragraphs are derived from separate sections of
the Texas Transportation Code.  Thus, the two paragraphs are reasonably
construed as being separate statements of the law and, thus, the language “[a]
failure to comply with this law is negligence in itself” could reasonably be
construed as referring to the second paragraph alone.  There is no indication
in the record that the “negligence in itself” language related also to the
duties set forth in the first paragraph.

Appellants’
objections were specific concerning the portions of the instructions they
contended were erroneous, but vague concerning the underlying reason for the
objection.  As such, Appellants have waived the error, if any, of which they
complain.  Tex. R. Civ.
P. 274.  Further, Appellants’
objections to the charge do not specifically comport with their argument on
appeal.  Thus, nothing has been preserved for
our review.  See Tex. R. App. P.
33.1.  Finally, even had Appellants preserved error, based on our reading of
the instructions at issue, we conclude that the negligence per se instruction
in the second paragraph does not relate back to any of the conditional duties
set forth in the first paragraph.  Appellants’ first issue is overruled.

 

Admissibility of Video with LocoCAM Software
Overlay

            In
their second issue, Appellants argue that the trial court abused its discretion
in admitting into evidence a video of the collision because the video contained
a software based data overlay called LocoCAM.[3] 
Specifically, Appellants contend that the LocoCAM software overlay was not
properly authenticated because the two BNSF employees who testified concerning
it “knew nothing about how the software worked or anything at all about the
accuracy of the information displayed.”  

            We
review a trial court's decision to admit or exclude evidence under an abuse of
discretion standard.  City of Brownsville v. Alvarado, 897 S.W.2d
750, 753 (Tex. 1995).  A trial court abuses its discretion if it acts in an
arbitrary or unreasonable manner without reference to any guiding rules or
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241–42 (Tex. 1985).

            Texas
Rule of Evidence 901(a) requires authentication of evidence.  See Tex. R. Evid. 901(a).  Texas Rule of
Evidence 901(b) gives examples of authentication conforming with rule 901(a).  See
Tex. R. Evid. 901(b).  Rule
901(b), however, expressly states that the examples listed are not limitations
on the ways an object can be authenticated to meet the requirements of rule
901(a).  See id.

Under
rule 901(a), the requirement of authentication “is satisfied by evidence
sufficient to support a finding that the matter in question is what its
proponent claims.”  In re J.P.B., 180 S.W.3d 570, 575 (Tex.
2005); Sanchez v. State Bd. of Med. Examiners, 229 S.W.3d 498,
508 (Tex. App.–Austin 2007, no pet.); see Tex. R. Evid. 901(a).  Such evidence may include testimony by
a witness with knowledge that a matter is what it is claimed to be, but the
predicate for admissibility under rule 901 may also be proved by circumstantial
evidence.  Sanchez, 229 S.W.3d at 509; In re G.F.O.,
874 S.W.2d 729, 731 (Tex. App.–Houston [1st Dist.] 1994, no writ).  This
requirement may be met by “appearance, contents, substance, internal patterns,
or other distinctive characteristics, taken in conjunction with
circumstances.”  Am. Cas. Co. of Reading, PA v. Hill, 194 S.W.3d
162, 167 (Tex. App.–Dallas 2006, no pet.); see Tex. R. Evid. 901(a)(4).

However,
any error in excluding evidence is harmless if other admitted evidence reveals
the same facts as that which is excluded.  See Bryant v. Transcon.
Gas Pipe Line Corp., 821 S.W.2d 187, 188 (Tex. App.–Hous. [14th Dist.]
1991, writ denied).  Erroneous admission or exclusion of evidence requires
reversal if the error probably caused the rendition of an improper judgment.  Nissan
Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004).  The erroneous
admission of evidence that is merely cumulative of properly admitted evidence
is harmless error.  McInnes v. Yamaha Motor Corp., 673 S.W.2d
185, 188 (Tex. 1984); City of Austin v. Houston Lighting & Power Co.,
844 S.W.2d 773, 791 (Tex. App.–Dallas 1992, writ denied).

In
the case at hand, Appellants argue that the supposedly improperly authenticated
LocoCAM software injected data, specifically time, date, speed, and location of
the train, into the video.  Even assuming arguendo that Appellants correctly
assert that the LocoCAM software overlay was not properly authenticated, there
is evidence concerning the time, date, speed, and location of the train that
was admitted into evidence without objection.  The information contained in a
printout from the event recorder taken from the third locomotive that was
admitted into evidence indicated the date, time, the blowing of the whistle,
the application of the emergency brakes, and the time it took the train to
stop.  BNSF expert, Foster Peterson, testified that the video played through
the LocoCam software depicted the accident at issue.  Peterson testified
concerning the accident location at the Front Street crossing and noted that
this location matched the GPS information depicted in the LocoCAM overlay.  He
noted that the LocoCAM software could not be altered to make it depict one
location versus another.  Peterson further testified that, by watching the
video, listening to when the “emergency occurs,” and watching how long it takes
for the locomotive to come to rest, he determined that the time is roughly
eighty-one or eighty-two seconds, which is what is depicted in the locomotive
event recorder data.  Peterson watched the video and testified concerning the
various speeds indicated throughout the video.  He also testified concerning
the application of the whistle of the front locomotive, which is audible on the
video tape and again noted the eighty-two seconds that elapsed between that
sound and the accident.  Appellants have not challenged the admissibility of
Peterson’s testimony on appeal.  Thus, based on our review of the record, we
hold that even assuming the evidence at issue was improperly admitted, the error
is harmless because evidence pertaining to the same information was properly
introduced from another source.  Appellants’ second issue is overruled.

 

Disposition

            Having
overruled Appellants’ first and second issues, we affirm the
trial court’s judgment.

 

 

                                                                                                BRIAN
HOYLE    

                                                                                                            Justice

Opinion delivered September 15, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH) 









[1] It is apparent from the
substance of his objection that Appellants’ counsel is referring to the next
sentence in the instruction as opposed to the next paragraph. 

 





                [2]
Appellants further argue in their brief that a negligence per se
instruction is erroneous when there is evidence of an excused violation.





 

[3] The LocoCAM software overlay
displayed information such as time, date, speed of the train, and location of
the train.  The record reflects that the video camera was mounted on the third
rearward facing locomotive.  The record further reflects that a LocoCAM module
and an event recorder were also located on the third rearward facing
locomotive.  The video camera makes a video and audio recording of the train. 
The LocoCAM camera module records information such as global positioning system
(“GPS”) coordinates, time, speed, brake application, and whether the whistle
was blown.  The event recorder is a separate device from the LocoCAM module. 
The event recorder records the engine’s speed, the application of the emergency
brakes, and the duration of time for which the whistle was blown.