# NO. 12-13-00311-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WINNA WILSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *EAST TEXAS MEDICAL CENTER* *AND ROBERT G. CREATH M.D.,* *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Winna Wilson appeals from the trial court's judgment against her and in favor of East Texas Medical Center (ETMC).[1] Wilson raises two issues on appeal. We affirm.

### BACKGROUND

On June 25, 2011, Wilson felt pain in her back and chest and numbness in her right arm. She went to ETMC's emergency room to have the pain diagnosed. A physician, who is not a party to this appeal, ordered diagnostic tests. He then diagnosed Wilson's condition as bronchitis, prescribed medications for her, and sent her home.

After two days, Wilson's symptoms had not improved. She returned to ETMC's emergency room on June 27, 2011. Another physician ordered more diagnostic tests. He then diagnosed Wilson's condition as pneumonia, prescribed additional medications for her, and sent her home.

Wilson's condition continued to deteriorate. She returned to ETMC's emergency room the following day, and was seen in the emergency room by Robert G. Creath, M.D. By this time, her legs were numb. Wilson was admitted into ETMC as an inpatient, on what is known as the

---

[1] Wilson does not contest the trial court's judgment in favor of Robert G. Creath, M.D.

"floor." She continued to complain about the numbness in her legs to the nurses providing her care. Eventually, Wilson was seen by a doctor, who ordered additional diagnostic tests and requested assistance from a neurologist. It took the neurologist some time to see Wilson. After the additional delay, the diagnostic tests were performed, and the neurologist discovered that Wilson had an abscess on her spinal cord. Wilson underwent surgery to drain the abscess. However, even after the surgery, Wilson could not move her legs.

Wilson believed that her paralysis was the result of the delay in her receiving treatment. She sued ETMC, Dr. Creath, and Stasha Gorminak, M.D., the neurologist who treated her. Wilson settled her claims with Dr. Gorminak. Her claims against Dr. Creath and ETMC proceeded to trial.

The trial court submitted the case to the jury. The jury was charged that negligence in the emergency room setting required Wilson to prove that Dr. Creath or ETMC rendered medical care with "willful and wanton" negligence.[2] The charge defined willful and wanton as

> an act or omission by the provider, (i) which when viewed objectively from the standpoint of the provider at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) of which the provider has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

The jury also was asked whether ETMC's negligence after Wilson's admission to the hospital on the "floor" proximately caused her injuries. In this question, the jury was not asked whether ETMC's negligence was "willful and wanton," because the standard of proof for inpatient claims arising from negligence on the "floor," as opposed to the emergency room, is the ordinary negligence standard in a healthcare liability claim.[3]

Despite these instructions, after a few hours of deliberations, the jury told the trial court in a note, "Redefine 'negligence' as it pertains to the E.R. v. the floor. The jury recalls that 'negligence' on the floor is the same as 'willful + wanton' in the E.R." The trial court responded, "The Court, under the law, is not permitted to answer the question which you have presented. Please consider only the instructions which have already been given you, and the evidence admitted before you during the trial of this cause, and continue your deliberations." All

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.153 (West 2011).

[3] *See* **id.**

2

parties agreed to the trial court's instruction and its being provided in writing to the jury before it was delivered.

The jury then deliberated for several more hours before returning a verdict. The jury answered "no" for both Dr. Creath and ETMC to the question of whether their negligence in the emergency room was a proximate cause of Wilson's injuries. The jury further answered "no" for ETMC to the question of whether its negligence on the "floor" was a proximate cause of Wilson's injuries.

Based on the note from the jury, Wilson had doubts that the jury applied the proper standard of negligence to its deliberations as to whether ETMC's negligence on the floor was a proximate cause of Wilson's injuries. Wilson contacted the jurors and obtained affidavits from several jurors regarding the standard of negligence that the jury applied to ETMC's treatment of Wilson that occurred after she had been admitted to the hospital. Wilson then filed a motion for partial new trial in which she argued that the jury had applied the wrong standard of negligence during its deliberations. ETMC objected to the affidavits as improperly delving into the jury's deliberations. The trial court sustained ETMC's objections and denied Wilson's motion for partial new trial. Wilson then filed a motion for reconsideration and second motion for partial new trial that was not ruled upon by the court. Wilson timely filed a notice of appeal to this court.

In this appeal, Wilson challenges only that portion of the trial court's judgment in favor of ETMC relating to Wilson's claim that ETMC was negligent after Wilson was admitted to the hospital on the "floor."

### TRIAL COURT'S INSTRUCTION IN RESPONSE TO QUESTION FROM THE JURY

In her first issue, Wilson contends that the trial court gave an improper instruction in response to a question from the jury.

#### Standard of Review and Applicable Law

The standard of review for jury charge error is abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no

discretion in determining what the law is or applying the law to the facts. ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992).

The rules of civil procedure require the trial court to submit the cause upon broad form questions when feasible and to submit such instructions and definitions as shall be proper to enable the jury to render a verdict. TEX. R. CIV. P. 277. The goal of the charge is to submit to the jury the issues for decision logically, simply, clearly, fairly, correctly, and completely. ***Hyundai Motor Co. v. Rodriguez***, 995 S.W.2d 661, 664 (Tex. 1999). The trial court is afforded broad discretion so long as the charge is legally correct. ***Id***. After the jury has retired for deliberations, the trial court may supplement its instructions "touching any matter of law." *See* TEX. R. CIV. P. 286. The trial court may supplement its instructions in response to a question from a jury note. *See **id.***

To preserve error in the charge in a civil matter, the objecting party must distinctly designate the error and the grounds for the objection. *See* TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 272, 274; ***Sears, Roebuck & Co. v. Abell***, 157 S.W.3d 886, 891 (Tex. App.—El Paso 2005, pet. denied) (citing ***Keetch v. Kroger Co.***, 845 S.W.2d 262, 267 (Tex. 1992)) (stating that "to preserve charge error, appellant must comply with Texas Rules of Civil Procedure Rules 271 through 279"). Any complaint pertaining to an instruction is waived unless specifically included in the objections. ***Abell***, 157 S.W.3d at 891; *see also* TEX. R. CIV. P. 272. The requirement for a timely objection applies to an instruction from the court to the jury in response to a question from the jury during their deliberations. *See, e.g., **Standley v. Sansom***, 367 S.W.3d 343, 349-50 (Tex. App.—San Antonio 2012, pet. denied); ***Haygood v. Chandler***, No. 12-02-00239-CV, 2003 WL 22480560, at *8 (Tex. App.—Tyler Oct. 31, 2003, pet. denied) (mem. op.); ***Davidson v. Dennis***, No. 01-96-01102-CV, 1999 WL 274976, at *1 (Tex. App.—Houston [1st Dist.] May 6, 1999, pet. denied) (not designated for publication).

In sum, a party objecting to an instruction from the court to the jury must point out distinctly the objectionable matter and the grounds of the objection. *See **Ford Motor Co. v. Ledesma***, 242 S.W.3d 32, 43 (Tex. 2007) (quoting TEX. R. CIV. P. 274). Objections to the charge and requests for instructions must comport with the arguments made on appeal. *See **Isaacs v. Bishop***, 249 S.W.3d 100, 113 n.13 (Tex. App.—Texarkana 2008, pet. denied); ***Coke v. Coke***, 802 S.W.2d 270, 275 (Tex. App.—Dallas 1990, writ denied). In the absence of an

4

objection at trial that matches the complaint on appeal, nothing has been preserved for our review. *Isaacs*, 249 S.W.3d at 113 n.13 (citing TEX. R. APP. P. 33.1).

## Discussion

Wilson argues that in its response to the jury note, the trial court should have clarified the definition of "negligence" with respect to her care on the "floor" at ETMC. She urges that its failure to do so led to a verdict based on the incorrect standard of proof—the "willful and wanton standard."

However, Wilson never objected to the trial court's response to the jury's question. In fact, Wilson acquiesced to the trial court's response. As such, nothing has been preserved for our review. *See, e.g., Standley*, 367 S.W.3d at 349-50 (recognizing that party must make complaint known to trial court that it should clarify meaning of legal term in charge in response to jury note). Because Wilson waived any error in the trial court's response to the question received from the jury, we overrule Wilson's first issue.

### MOTION FOR NEW TRIAL – JUROR MISCONDUCT

In her second issue, Wilson contends that the trial court erred in denying her motion for new trial because she established that the jury's verdict was the result of juror misconduct.

## Standard of Review and Applicable Law

We review a trial court's decision on a motion for new trial under an abuse of discretion standard. *See Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). The trial court's determination of the facts as to whether jury misconduct occurred is binding on the appellate courts and will be reversed only where a "clear abuse of discretion is shown." *Pharo v. Chambers Cnty., Tex.*, 922 S.W.2d 945, 948 (Tex. 1996) (citing *State v. Wair*, 351 S.W.2d 878, 878 (Tex. 1961)). The determination of whether jury misconduct occurred is a question of fact for the trial court. *Id*. If there is conflicting evidence on jury misconduct, the trial court's determination must be upheld on appeal. *Id*. Unless the trial court made a finding to the contrary, we assume that the trial court made all findings supporting its decision to deny the motion for new trial. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000).

To be entitled to a new trial based on jury misconduct, the movant must establish that (1) the misconduct occurred, (2) the misconduct was material, and (3) the misconduct probably

caused injury. *Id*. The trial court hears evidence from the jury or others in open court and will grant a new trial if there is a material, erroneous, or incorrect answer on voir dire examination, or a material act of misconduct that probably resulted in injury to the complaining party. *See* TEX. R. CIV. P. 327(a); *Golden Eagle Archery, Inc.*, 24 S.W.3d at 372. However, a juror may not testify as to events occurring during the course of the jury's deliberations. *See* TEX. R. CIV. P. 327(b); TEX. R. EVID. 606(b). "Deliberations" means formal jury deliberations, which occur "when the jury weighs the evidence to arrive at a verdict." *See Golden Eagle Archery, Inc.*, 24 S.W.3d at 371. It does not include informal discussions during a trial break before the close of evidence. *Id*. However, where there is an indication that jurors have been discussing the case while on breaks during deliberations, that discussion is considered the same as formal deliberations. *See, e.g.*, *Chavarria v. Valley Transit Co.,* 75 S.W.3d 107, 111 (Tex. App.—San Antonio 2002, no pet.).

**Discussion**

Wilson argues that the jury's note to the trial court revealed that the jury was under the false impression that the "willful and wanton" standard applied to her care on the "floor." Consequently, her argument continues, the note itself and the affidavits of the jurors showed that the jury failed to correctly apply Texas law and that it went outside the instructions set forth in the charge, resulting in misconduct.

Here, the trial court properly sustained ETMC's objections to Wilson's affidavits. *See* TEX. R. CIV. P. 327(b); TEX. R. EVID. 606(b). Without the affidavits, Wilson's only evidence of juror misconduct was the note from the jury, and the jury's note is not conclusive evidence that misconduct occurred. The jury simply communicated its understanding of the law and requested clarification. The trial court then provided that clarification by an instruction that, at the time at least, was proper according to all the parties. We presume that jurors follow the instructions provided them. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009). Accordingly, Wilson has not met her burden to establish that the trial court abused its discretion in denying her motion for partial new trial. *See Pharo*, 922 S.W.2d at 948. We overrule Wilson's second issue.

## DISPOSITION

Having overruled Wilson's first and second issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 27, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 27, 2014**

**NO. 12-13-00311-CV**

**WINNA WILSON,**
Appellant
V.
**EAST TEXAS MEDICAL CENTER AND ROBERT G. CREATH M.D.,**
Appellees

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 12-0404-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **WINNA WILSON**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*